JAMES R. FELTON, ESQ. (SBN: 138767)
jfelton@gblawllp.com
JEREMY H. ROTHSTEIN, ESQ. (SBN: 316140)
jrothstein@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Debtor
George Fikhman

G&B LAW

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>GEORGE FIKHMAN,<br><br>Debtor. | Case No.: 1:11-bk-16691-AA<br><br>(Chapter 7)<br><br>**NOTICE OF MOTION AND MOTION TO REOPEN CLOSED CHAPTER 7 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 350(b); DECLARATION OF GEORGE FIKHMAN**<br><br>[No Hearing Required, LBR 5010-1(c)] |

TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, FORMER TRUSTEE DIANE C. WEIL, AND ALL PARTIES ENTITLED TO NOTICE:

PLEASE TAKE NOTICE THAT Debtor George Fikhman hereby moves (the "Motion") this Court to reopen his above-captioned closed bankruptcy case for the purpose of amending his Schedule A/B and Statement of Financial Affairs, anticipated to be substantially in the form attached as **Exhibits 1** and **2** hereto, respectively. The amendments will reflect the Debtor's 50% interest in a partnership holding a portfolio of single-unit real properties, a one-third interest in another partnership doing the same, and a 25% interest in three single-unit properties.

This case was previously assigned to the Honorable Alan M. Ahart.

//

//

The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of George Fikhman attached hereto, and the files and record of this case.

DATED: September 21, 2026

G&B LAW, LLP

By:______________________________

JAMES R. FELTON, ESQ.
JEREMY H. ROTHSTEIN, ESQ.
Attorneys for Debtor
George Fikhman

# <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.

## <u>STATEMENT OF FACTS</u>

### A. <u>The Bankruptcy Filing</u>.

On May 27, 2011 (the "Petition Date"), George Fikhman (the "Debtor") filed his voluntary petition and schedules under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*. The case was assigned to the Honorable Alan M. Ahart. Diane C. Weil was appointed the Chapter 7 Trustee ("Trustee") of the Debtor's estate.

The Trustee filed her Chapter 7 Trustee's Report of No Distribution on or about January 19, 2012. The Bankruptcy Case was subsequently closed by this Court on March 21, 2012.

The Debtor mistakenly omitted several assets from his Schedule A/B and Statement of Financial Affairs: a 50% interest in a partnership (the "M&G Partnership") with his brother Mikhail Fikhman ("Mikhail"), a one-third interest in a partnership with Mikhail and their brother William (the "MGW Partnership" and, together with the M&G Partnership, the "Partnerships"), and a 25% interest in three real properties. Fikhman Decl. ¶ 2.

The M&G Partnership owns an investment portfolio that has included various real estate properties, all single-family dwellings or individual condominium units, at different times. Fikhman Decl. ¶ 5. Most of the real properties owned by the M&G Partnership on the Petition Date were in Mikhail's name only, and later in Mikhail and his wife's (or their trust's) name. Six of the M&G Partnership properties were in the Debtor's name as of the Petition Date, and he listed those as his own in his Amended Schedule A, filed July 7, 2011 [Doc. 17]. As shown in **Exhibit 1**, Schedule A/B will be amended to (i) note in Part 1 that those six properties were owned by the M&G Partnership as of the Petition Date, and (ii) include ownership of the M&G Partnership interest, with the other real properties it owned listed in an attachment to Schedule A/B. Fikhman Decl. ¶ 5. The Debtor has never received any income from the M&G Partnership or the real property it owned, but he has contributed money, time, and labor over the years. *Id*.

The MGW Partnership was formed in or around 2009, without a written agreement. As of the Petition Date, it held the following properties, all single-family dwellings or individual condominium

units: 5655 E. Sahara Ave., #1067, Las Vegas, NV 89142; 3400 Cabana #2030, Las Vegas, NV 89122; 6548 N. 61st Ave., Glendale, AZ 85301; and 2896 Yale Ave., Memphis, TN 38112. Mikhail purchased those properties with approximately $90,500 in cash in or around 2009–2010. As with the M&G Partnership, all of the MGW Partnership's real estate was in Mikhail's name or in the names of Mikhail and his wife (or their trust). After the initial closing of this bankruptcy case, the MGW Partnership purchased two additional properties. The Debtor received $8,995 out of the rent collected from those properties but otherwise has not received any income or proceeds from the MGW Partnership. Fikhman Decl. ¶ 6.

The Partnerships and their real property are the subject of an action for dissolution of marriage commenced on April 13, 2023, *Fikhman v. Fikhman*, Case No. 23STFL03923, in the Superior Court of Los Angeles County, in which the Debtor is a third-party claimant. The Debtor sought and obtained the appointment of a receiver over the Partnerships' real property. He did so to prevent Mikhail's mismanagement, wrongful acts, and diminution of partnership assets, without knowledge that his interests in the Partnerships had likely remained property of the bankruptcy estate. Fikhman Decl. ¶ 12.

The Debtor also owned a 25% interest in three real properties, single-family residential investment properties in Albuquerque, NM, Las Vegas, NV, and Smyrna, TN. Mikhail and his wife Edita owned an additional 25%, and Edita's parents Michael and Bronya Bobrov owned 50% and were on title. All properties have been sold. The Debtor received $32,560 in January 2021 from the sale of the Las Vegas property. Except for that payment, he received no income or proceeds from those three properties. Fikhman Decl. ¶ 7.

The Debtor's attached declaration includes additional details about the Partnerships and related litigation. The Debtor's Statement of Financial Affairs will also be amended to reflect his interests in the Partnerships.

///

///

///

## II.

## ARGUMENT

11 U.S.C. § 350 provides, in pertinent part, that a bankruptcy case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The decision to reopen a bankruptcy case is within the broad discretion of the bankruptcy court. *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010).

A debtor's motion to reopen a closed bankruptcy case to obtain additional relief "should be routinely granted[.]" *See In re Dodge* (Bankr. E.D. Cal. 1992) 138 B.R. 602, 605. Further, a bankruptcy court is authorized to reopen a closed case for other cause. The existence of "other cause" is left to the broad discretion of the bankruptcy court, "which may consider numerous factors including equitable concerns, and emphasize substance over technical considerations." *See In re Emmerling*, 223 B.R. 860, 864 (2d Cir. BAP 1997); *Matter of Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993); *In re Ashe, 228* B.R. 457, 461 (C.D. Cal. 1998).

Here, reopening the case is appropriate in light of the assets described above, which may need to be administered.

Procedurally, a debtor may file a written motion requesting that a case be reopened pursuant to FRBP 5010. *Commonwealth of Va. v. Collins (In re Collins)*, 173 F.3d 924, 929 (4th Cir. 1999). The motion must be supported by a declaration establishing a reason or "cause" to reopen. Local Rule of Bankruptcy Procedure for the Central District of California ("LBR") 5010-1(a). The movant must give notice of the motion to any former trustee in the case and the United States trustee. LBR 5010-1(c). Creditors need not be given notice. *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 914 (B.A.P. 9th Cir. 1999). This Motion accords with those procedures.

If the previously assigned judge is not in office, the motion will be assigned at random by the clerk to a judge, who may consider and rule upon the motion without either a hearing or an opportunity to request a hearing. *See* LBR 5010-1(e) & (f); *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798–99 (7th Cir. 2010) ("As a matter of law, there is no question that bankruptcy courts may rule on a motion to reopen without a hearing.")

In a reopened Chapter 7 case, a trustee shall not be appointed unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to ensure efficient administration of the case. FRBP 5010. Further, "the reopening of a closed bankruptcy case is a ministerial act . . . that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999).

**III.**

**CONCLUSION**

For the reasons stated above, the Debtor respectfully requests that this Court enter an Order:

(1) Reopening the Bankruptcy Case and allowing the Debtor to amend his Schedule A/B and Statement of Financial Affairs;

(2) Finding that notice of this Motion was proper; and

(3) Granting such further relief the Court deems proper.

DATED: September 21, 2026

G&B LAW, LLP

By:____________________________
JAMES R. FELTON, ESQ.
JEREMY H. ROTHSTEIN, ESQ.
Attorneys for Debtor
George Fikhman

**DECLARATION OF GEORGE FIKHMAN**

I, George Fikhman, declare as follows:

1. I am an individual and a debtor in the above-entitled action. I make this declaration in support of the Motion to Reopen Closed Chapter 7 Bankruptcy Case Pursuant to 11 U.S.C. § 350(b) (the "Motion"). I have personal knowledge of the facts set forth herein, unless otherwise stated. If called upon to testify thereto, I could and would competently do so under oath. Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2. I mistakenly omitted several assets from my Schedule A/B and Statement of Financial Affairs: a 50% interest in a partnership (the "M&G Partnership") with my brother Mikhail Fikhman ("Mikhail"), a one-third interest in a partnership with Mikhail and our brother William (the "MGW Partnership" and, together with the M&G Partnership, the "Partnerships"), and a 25% interest in three real properties.

3. I understand that I should have disclosed my interest in the Partnerships and additional real properties while my bankruptcy case was pending, including on the schedules. This was my error, and I acknowledge and apologize for it.

4. In 1998, Mikhail and I began purchasing real estate as equal partners for investment purposes. Given the trust between brothers, most of the properties were titled in Mikhail's name only, and later in Mikhail and his wife's (or their trust's) name, because Mikhail was a W-2 earner and could better qualify for funding since I was a realtor with stated income. This general arrangement has been in place for over 27 years.

5. The M&G Partnership owns an investment portfolio that has included various real estate properties at different times. Most of the real properties owned by the M&G Partnership on the Petition Date were in Mikhail's name only, and later in Mikhail and his wife's (or their trust's) name. Six of the M&G Partnership properties were in my name as of the Petition Date, and I listed those as my own in my Amended Schedule A, filed July 7, 2011 [Doc. 17]. As shown in **Exhibit 1**, I will amend Schedule A/B to (i) note in Part 1 that those six properties were owned by the M&G Partnership as of the Petition Date, and (ii) include my ownership of the M&G Partnership interest, with the other real properties it owned listed in an attachment to Schedule A/B. I have never received any income

from the M&G Partnership or the real property it owned, but I have contributed money, time, and labor over the years. The M&G Partnership bought and sold properties from time to time. As of July 2026, the M&G Partnership held approximately 14 properties and $400,000 in cash.

6. The MGW Partnership was formed in or around 2009, without a written agreement. As of the Petition Date, it held the following properties: 5655 E. Sahara Ave., #1067, Las Vegas, NV 89142; 3400 Cabana #2030, Las Vegas, NV 89122; 6548 N. 61st Ave., Glendale, AZ 85301; and 2896 Yale Ave., Memphis, TN 38112. Mikhail purchased those properties with approximately $90,500 in cash in or around 2009–2010. As with the M&G Partnership, all of the MGW Partnership's real estate was in Mikhail's name or in the names of Mikhail and his wife (or their trust). After the initial closing of this bankruptcy case, the MGW Partnership purchased two additional properties. I received $8,995 in February 2021 out of the rent collected from those properties but otherwise have not received any income or proceeds from the MGW Partnership.

7. I also owned a 25% interest in three real properties, single-family residential investment properties in Albuquerque, NM, Las Vegas, NV, and Smyrna, TN. Mikhail and his wife Edita owned an additional 25%, and Edita's parents Michael and Bronya Bobrov owned 50% and were on title. This interest was not in writing, and I did not know the addresses of these properties until long after the Petition Date. All properties have been sold. I received $32,560 in January 2021 from the sale of the Las Vegas property. Except for that payment, I received no income or proceeds from those three properties.

8. On March 5, 2008, Mikhail and I entered into a two-paragraph agreement confirming our ongoing partnership, a true and correct copy of which is attached hereto as **Exhibit 3**. The agreement confirmed that I had a 50% stake as a silent partner.

9. It is unlikely that there was any equity in the M&G Partnership's properties between the Petition Date and the closure of this case on March 21, 2012. Each property was purchased with a minimal down payment before the 2008 financial crisis. Several of those properties were refinanced with negative amortization loans from approximately 2005 through 2007. The real properties were therefore likely underwater at the time of the Petition Date.

10. Mikhail and I further confirmed the arrangement in another signed written agreement dated October 10, 2022, a true and correct copy of which is attached hereto as **Exhibit 4**.

11. For many years, I knew little about Mikhail's operation of the Partnerships. That changed after Mikhail's wife, Edita Bobrov Fikhman, filed an action for dissolution of marriage on April 13, 2023, Fikhman v. Fikhman, Case No. 23STFL03923, in the Superior Court of Los Angeles County. In that case, Ms. Fikhman alleged that the properties owned by the Partnerships were entirely community property. I therefore joined that case as a third-party claimant. Due to Mikhail's mismanagement, wrongful acts, and diminution of the Partnerships' assets, I also filed a motion in that case to appoint a receiver to, among other things, take control of and liquidate the Partnerships' real properties. The court granted the motion and appointed Stephen J. Donell of FedReceiver, Inc., as receiver. True and correct copies of the motion and order are attached hereto as **Exhibits 5** and **6**, respectively. At the time, I was not aware that my partnership interests may have remained property of the bankruptcy estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 21, 2026.

Signed by:
George Fikhman
0BAB4C206AEF47E...

GEORGE FIKHMAN



G&B LAW

# EXHIBIT 1

**Fill in this information to identify your case and this filing:**

Debtor 1: **George Fikhman**
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing):
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number **1:11-bk-16691-AA**

☐ Check if this is an amended filing

# Official Form 106A/B
# Schedule A/B: Property

**12/15**

**In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1

**5460 White Oak Ave, C218**
Street address, if available, or other description

**Encino** **CA** **91316-0000**
City State ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply
- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ■ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| **$200,000.00** | **$200,000.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Fee simple**

☐ **Check if this is community property** (see instructions)

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

**If you own or have more than one, list here:**

1.2

**5959 Shoshone Avenue**
Street address, if available, or other description

**Encino** **CA** **91316-0000**
City State ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$513,500.00** | **$513,500.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**home, husband's one half interest, Full Value Shown**

■ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

---

**If you own or have more than one, list here:**

1.3

**6312 Michelangelo Lane**
Street address, if available, or other description

**Albuquerque** **NM** **87114-0000**
City State ZIP Code

**Bernalillo**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ■ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$139,800.00** | **$139,800.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Owned by partnership with Mikhail Fikhman**

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

---

**If you own or have more than one, list here:**

1.4

**6100 Star Gazer Ave., NW**
Street address, if available, or other description

**Albuquerque** **NM** **87114-0000**
City State ZIP Code

**Bernalillo**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ■ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $139,700.00 | $139,700.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Owned by partnership with Mikhail Fikhman**

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

---

**If you own or have more than one, list here:**

1.5

**5927 Night Rose Ave., NW**
Street address, if available, or other description

**Albuquerque** **NM** **87114-0000**
City State ZIP Code

**Bernalillo**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ■ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $134,900.00 | $134,900.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Owned by partnership with Mikhail Fikhman**

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

---

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

**If you own or have more than one, list here:**

1.6

**5923 Night Whisper Ave., NW**
Street address, if available, or other description

**Albuquerque** **NM** **87114-0000**
City State ZIP Code

**Bernalillo**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ■ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
| --- | --- |
| **$138,900.00** | **$138,900.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Owned by partnership with Mikhail Fikhman**

☐ **Check if this is community property** (see instructions)

---

**If you own or have more than one, list here:**

1.7

**309 Cascabel Trail, SE**
Street address, if available, or other description

**Albuquerque** **NM** **87123-0000**
City State ZIP Code

**Bernalillo**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ■ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
| --- | --- |
| **$159,900.00** | **$159,900.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Owned by partnership with Mikhail Fikhman**

☐ **Check if this is community property** (see instructions)

---

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

**If you own or have more than one, list here:**

1.8

**905 Nakomis Dr., NE**
Street address, if available, or other description

**Albuquerque** **NM** **87112-0000**
City State ZIP Code

**Bernalillo**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ■ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$165,000.00** | **$165,000.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Owned by partnership with Mikhail Fikhman**

☐ **Check if this is community property** (see instructions)

---

**If you own or have more than one, list here:**

1.9

**339 Cascabel Trial SE**
Street address, if available, or other description

**Albuquerque** **NM** **87124-0000**
City State ZIP Code

**Sandoval**
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **Unknown** | **Unknown** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**25% Ownership Interest**

☐ **Check if this is community property** (see instructions)

---

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

**If you own or have more than one, list here:**

1.10

**9684 Brooks Lane Avenue**
Street address, if available, or other description

**Las Vegas** **NV** **89148-0000**
City State ZIP Code

**Clark**
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| Unknown | Unknown |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**25% Ownership Interest**

☐ **Check if this is community property** (see instructions)

---

**If you own or have more than one, list here:**

1.11

**921 Turlough Ct.**
Street address, if available, or other description

**Smyrna** **TN** **37167-0000**
City State ZIP Code

**Rutherford**
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| Unknown | Unknown |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**25% Ownership Interest**

☐ **Check if this is community property** (see instructions)

---

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..........................................................................=>** **$1,591,700.00**

**Part 2:** **Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

3.1 Make: **Lexus**
Model: **GS300**
Year: **2003**
Approximate mileage: **72000**
Other information:
**fair condition, Husband's 1/2 interest Full Value Shown**

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$10,000.00** | **$10,000.00** |

3.2 Make: **Toyota**
Model: **Tundra SR5**
Year: **2001**
Approximate mileage: **31000**
Other information:
**4 Door, condition fair, Husband's 1/2 interst, full value shown**

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$7,000.00** | **$7,000.00** |

3.3 Make: **Ford**
Model: **Cargo Van F 250**
Year: **1999**
Approximate mileage: **175000**
Other information:
**Condition poor, Husband's 1/2 interest, full value shown.**

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,500.00** | **$1,500.00** |

3.4 Make: **Kawasaki**
Model: **2RX 1200**
Year: **2001**
Approximate mileage: **28000**
Other information:
**Condition fair, Husband's 1/2 interest, full value shown.**

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,000.00** | **$2,000.00** |

3.5 Make: **Lexus**
Model: **RX350**
Year: **2006**
Approximate mileage: **44000**
Other information:
**Location with Debtor's (value from Edmonds)**

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$20,684.00** | **$20,684.00** |

Debtor 1 George Fikhman Case number *(if known)* 1:11-bk-16691-AA

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5 **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.............................................................................=>** **$41,184.00**

**Part 3:** **Describe Your Personal and Household Items**

| **Do you own or have any legal or equitable interest in any of the following items?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

6. **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Household furniture** | **Unknown** |
| **Treadmill**<br>**Location: At Debtor's residence** | **$500.00** |
| **Couch**<br>**Location: At Debtor's residence.** | **$100.00** |
| **Desk, Bookshelfs, File Cabinet, Chair**<br>**Location: At Debtor's residence** | **$100.00** |
| **Baby Furniture, Dresser, Couch** | **$550.00** |
| **Bedroom Furniture, TV, Rocking Chair**<br>**Location: At Debtor's residence** | **$170.00** |
| **Dining Room Furniture, Armoire, Painting** | **$525.00** |
| **Couch, Painting Glasstable & Mirror**<br>**Location: At Debtor's residence** | **$225.00** |
| **Couch, TV, Stereo, Mirror, Coffee Table** | **$700.00** |
| **Pots/Pans, Dishes, Utensils, 3 bar stools**<br>**Location: At Debtor's residence** | **$325.00** |
| **Patio table chairs, BBQ** | **$650.00** |

7. **Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

■ Yes. Describe.....

| | |
|---|---|
| **Computer**<br>**Location: At Debtor's residence** | **$100.00** |

8. **Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No
☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No
☐ Yes. Describe.....

10. **Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Two (2) guns** | **$500.00** |

11. **Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Wearing apparel husband-$345, wife-$500** | **$825.00** |

12. **Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Wedding ring (wife)** | **$500.00** |

13. **Non-farm animals**
*Examples:* Dogs, cats, birds, horses

■ No
☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ..............................................................................** **$5,770.00**

**Part 4:** **Describe Your Financial Assets**

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?**<br>Do not deduct secured claims or exemptions. |
|---|---|

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

16. **Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
■ Yes.................................................................................................................

| | |
|---|---|
| **Cash on hand** | **$100.00** |

17. **Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes........................ Institution name:

| | | |
|---|---|---|
| 17.1. | **Chase Bank, Account No. xxxx7674, Husband's 1/2 Interest Full Amount shown** | **$1,522.00** |
| 17.2. | **Chase Bank, Account No. xxxx9604, Husband's 1/2 Interest Full Value Shown** | **$479.00** |
| 17.3. | **Chase Bank, Account No. xxxx4132** | **$311.00** |

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
☐ No
■ Yes.................. Institution or issuer name:

| | |
|---|---|
| **Five percent (5%) interest in Auction Brothers, an E-Bay Business** | **$2,000.00** |

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
☐ No
■ Yes. Give specific information about them..................

| Name of entity: | % of ownership: | |
|---|---|---|
| **Partnership with Mikhail Fikhman, pursuant to written agreement of March 5, 2008. As of the Petition Date, the partnership owned (i) the real properties listed as 1.3-1.8 listed above, and (ii) listed on the attachment to this schedule.** | **50** % | **$0.00** |
| **Partnership with William and Mikhail Fikhman holding real estate. Property owned as of the Petition Date:<br>5655 E Sahara Ave. #1067 Las Vegas, NV 89142;<br>3400 Cabana #2030 Las Vegas NV 89122;<br>6548 N 61st Ave. Glendale, AZ 85301; and<br>2896 Yale Ave. Memphis, TN 38112.** | **33.3** % | **$30,166.37** |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
■ No
☐ Yes. Give specific information about them
Issuer name:

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No
☐ Yes. List each account separately.
Type of account: Institution name:

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. .................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes............ Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............ Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No
☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No
☐ Yes. Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No
☐ Yes. Name the insurance company of each policy and list its value.
Company name: Beneficiary: Surrender or refund value:

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No
■ Yes. Describe each claim.........

| | |
|---|---|
| **Claims against Mikhail Fikhman arising from real estate investment partnerships, including but not limited to breaches of partnership agreement and breaches of fiduciary duty.** | **$0.00** |

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**

■ No
☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here..........................................................................................................** **$34,578.37**

**Part 5: Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.
☐ Yes. Go to line 38.

**Part 6: Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.
☐ Yes. Go to line 47.

**Part 7: Describe All Property You Own or Have an Interest in That You Did Not List Above**

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No
☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here ...................................** **$0.00**

Debtor 1 **George Fikhman** Case number *(if known)* **1:11-bk-16691-AA**

**Part 8: List the Totals of Each Part of this Form**

| | | | | |
|---|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ........ | | | **$1,591,700.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$41,184.00** | | |
| 57. | **Part 3: Total personal and household items, line 15** | **$5,770.00** | | |
| 58. | **Part 4: Total financial assets, line 36** | **$34,578.37** | | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | | |
| 61. | **Part 7: Total other property not listed, line 54** | + **$0.00** | | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$81,532.37** | Copy personal property total | **$81,532.37** |
| 63. | **Total of all property on Schedule A/B**. Add line 55 + line 62 | | | **$1,673,232.37** |

| PROPERTY ADDRESS | TYPE | PURCH. DATE | PRICE | LOAN | INTEREST | REFI AMT. | REFI DATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| **M&G Partnership** | | | | | | | |
| | | | | | | | |
| 2896 Yale Ave. Memphis, TN 38112 | SFD | 7/21/2010 | $ 15,000 | | | | |
| 1055 Cross Meadow RD. Cordova, TN 38018 | SFD | 10/22/2002 | $ 124,900 | $118,655 | | | |
| 9702 Tributary Cove, Arlington, TN 38002 | SFD | 3/25/2002 | $ 151,337 | | | $125,881 | 3/22/2013 |
| 4807 Royal Run Dr. Memphis, TN 38128 | SFD | 3/25/2002 | $ 140,932 | | | | |
| 6519 Silkwood Ave. Albequerque, NM 87121 | SFD | 1/13/2003 | $ 135,854 | | | | |
| 5460 White Oak Ave. C334, Encino, CA 91316 | Condo | 2/5/1998 | | | | | |
| 7728 Andes Dr. Jacksonville, FL 32244 | SFD | 3/1/2002 | $ 100,100 | $99,011 | 6.25% | | |
| 5433 Davis Way, Virginia Beach, VA 23462 | SFD | 6/25/2001 | $ 73,005 | $65,695 | | $123,750 | 9/19/2005 |
| 2070 Tickford St, Middleburg, FL 32068 | SFD | 5/15/2001 | $ 95,100 | $94,013 | | $98,700 | 9/28/2005 |
| 2058 Manucy Court, Middleburg, FL 32068 | SFD | 10/12/2001 | $ 106,100 | $105,005 | | $101,250 | 9/28/2005 |
| 5655 E Sahara Ave. #1067 Las Vegas, NV 89142 | Condo | 7/30/2009 | $ 23,500 | | | | |
| 3400 Cabana #2030 Las Vegas NV 89122 | Condo | 9/11/2009 | $ 30,000 | | | | |
| 6548 N 61st Ave. Glendale, AZ 85301 | SFD | 5/27/2010 | $ 22,000 | | | | |
| 7173 Durango Dr. #202, Las Vegas, NV. 89113 | Condo | 6/26/2001 | | $74,110 | | $114,750 | 10/14/2004 |
| 3608 Monarcas St. #101, Las Vegas, NV. 89108 | Condo | 5/20/2001 | | $99,760 | | $146,250 | 10/14/2004 |
| 5046 Knightsbridge Cir N Jacksonville, FL 32244 | SFD | 10/23/2001 | $ 66,200 | $65,111 | 7.00% | | 9/21/2005 |
| 3952 Hideaway LN Middleburg, FL 32068 | SFD | 1/22/2003 | $ 106,700 | $101,317 | | | |
| 916 Turlough Ct. Smyrna, TN. 37167 | SFD | 5/23/2002 | $ 108,950 | $103,502 | | $91,940 | 9/5/2013 |
| 769 Turning Leaf St. Albany, OR 97321 | SFD | 4/2/2003 | $ 126,290 | $118,747 | | $102,621 | 6/3/2013 |
| 3857 Hideaway LN Middleburg, FL 32068 | SFD | 12/13/2002 | $ 106,700 | $101,317 | | $101,500 | 9/28/2005 |
| 3876 Hideaway LN Middleburg, FL 32068 | SFD | 1/7/2003 | $ 106,700 | $101,317 | | $101,500 | 9/28/2005 |
| 1575 Sword Dancer Dr. Virginia Beach, VA. 23454 | SFD | 7/20/2001 | $ 85,005 | $76,495 | | $110,400 | 11/5/2004 |
| 9448 Hickory St. Norfolk, VA. 23503 | SFD | 8/3/2001 | $ 94,500 | | | $112,000 | 10/20/2004 |
| 5630 Greatpine Lane N, Jackson, FL 32244 | SFD | 7/27/2001 | $ 63,200 | $62,111 | | $60,750 | 9/20/2005 |
| 3248 Rosegate Court, Virginia Beach, CA 23452 | SFD | 7/13/2001 | $ 79,125 | $70,258 | | | 9/19/2005 |
| 6549 Keeling Street NW, Albuquerque, NM 87124 | SFD | 7/11/2001 | | | | $88,500 | 1/27/2006 |
| 252 Sommerset Drive SE, Rio Rancho, NM 87124 | SFD | 6/23/2001 | | | | $78,750 | 1/27/2006 |
| 5243 Breezewood Arch, Virginia Beach, VA 23464 | SFD | 7/13/2001 | | | | $65,200 | 10/20/2004 |
| 144 52nd St NW, Albuquerque, NM 87105 | SFD | 6/22/2001 | $ 87,657 | | | | 1/27/2006 |

| PROPERTY ADDRESS | TYPE | PURCH. DATE | PRICE | LOAN | INTEREST | REFI AMT. | REFI DATE |
|---|---|---|---|---|---|---|---|
| 581 Bahama Drive SE, Rio Rancho, NM 87124 | SFD | 10/30/2001 | $ 104,125 | | | | |
| | | | | | | | |
| **M&G Partnership** | | | | | | | |
| | | | | | | | |
| 339 Cascabel Trail SE Albuquerque NM 87123 | SFD | 2004 | | $116,670 | 3.00% | | |
| Second loan | | | | $15,601 | 4.75% | | |
| 9684 Brooks Lane Ave Las Vegas NV 89148 | SFD | 10/9/2003 | $ 187,515 | $136,882 | 5.00% | | |
| 921 Turlough Ct Smyrna TN 37167 | SFD | 2001 | | $101,377 | 7.38% | | |

# EXHIBIT 2

**Fill in this information to identify your case:**

Debtor 1: George Fikhman
First Name / Middle Name / Last Name

Debtor 2 (Spouse if, filing):
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known): **1:11-bk-16691-AA**

☐ Check if this is an amended filing

# Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy

**04/25**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

■ Married
☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2 Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | **$0.00** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For last calendar year: (January 1 to December 31, 2010 )** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | **$81,472.00** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |
| **For the calendar year before that: (January 1 to December 31, 2009 )** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | **$56,544.00** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |

**5. Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

■ No
☐ Yes. Fill in the details.

| Debtor 1 | | Debtor 2 | |
|---|---|---|---|
| **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income** (before deductions and exclusions) |

**Part 3: List Certain Payments You Made Before You Filed for Bankruptcy**

**6. Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $8,575* or more?

☐ No. Go to line 7.
☐ Yes List below each creditor to whom you paid a total of $8,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No. Go to line 7.
☐ Yes List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4: Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Aurora Loan Services LLC v. George Fikhman & Community Mortgage,<br>CV 201104375** | **Complaint For Foreclosure on 5923 Night Whisper Road NW, Albuquerque, NM 87114** | **The State of New Mexico<br>County of Bernalillo<br>Second Judical District** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| **Bank of America v. George Fikhman<br>LC091348** | **Breach of Contract, Common Counts** | **Los Angeles Superior Court<br>Van Nuys Courthouse<br>6230 Sylmar Ave.<br>Van Nuys, CA 91401** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

Debtor 1 **George Fikhman** Case number (*if known*) **1:11-bk-16691-AA**

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

**Part 5: List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

**Part 6: List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | **Describe any insurance coverage for the loss**<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

**Part 7: List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Law Offices of Sheldon J. Eskin**<br>**13400 Riverside Dr., Suite 209**<br>**Sherman Oaks, CA 91423** | | **May 25, 2011** | **$5,000.00** |
| **CreditInfonet**<br>**4540 Honeywell Court**<br>**Dayton, OH 45424** | | **May 25, 2011** | **$60.00** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8: List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
**Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

## Part 9: Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

- ■ No
- ☐ Yes. Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

## Part 10: Give Details About Environmental Information

**For the purpose of Part 10, the following definitions apply:**

- ■ ***Environmental law*** **means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.**
- ■ ***Site*** **means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.**
- ■ ***Hazardous material*** **means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.**

**Report all notices, releases, and proceedings that you know about, regardless of when they occurred.**

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

- ■ No
- ☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

- ■ No
- ☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

- ■ No
- ☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

## Part 11: Give Details About Your Business or Connections to Any Business

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

- ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
- ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
- ☐ A partner in a partnership
- ☐ An officer, director, or managing executive of a corporation
- ☐ An owner of at least 5% of the voting or equity securities of a corporation

Debtor 1 **George Fikhman** Case number (*if known*) **1:11-bk-16691-AA**

☐ **No. None of the above applies. Go to Part 12.**

■ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br>Dates business existed |
|---|---|---|
| Mikhail-George Partnership<br>c/o Mikhail Fikhman<br>18010 Collins St.<br>Encino, CA 91316 | Owning residential real estate investment properties<br><br>Steve Hornstein<br>Hornstein Law Offices<br>20335 Ventura Blvd, #203<br>Woodland Hills, CA 91364 | EIN:<br>From-To 1998 to present |
| William-Mikhail-George Partnership<br>c/o Mikhail Fikhman<br>18010 Collins St.<br>Encino, CA 91316 | Owning residential real estate investment properties<br><br>Steve Hornstein<br>Hornstein Law Offices<br>20335 Ventura Blvd, #203<br>Woodland Hills, CA 91364 | EIN:<br>From-To 2009 to present |

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**

☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

**Part 12: Sign Below**

**I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**George Fikhman**
**Signature of Debtor 1**

**Signature of Debtor 2**

**Date** ____________ **Date** ____________

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of Person ______. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# EXHIBIT 3

March 5, 2008

The purpose of this agreement is to confirm that we, George Fikhman and Mikhail Fikhman, agree to purchase, maintain, and finance all investment real estate as equal 50/50 joint owners. George agrees to be a silent partner, while working jointly with Mikhail to finance and support all properties purchased by Mikhail (owned joint with spouse, Edita Fikhman). George agrees to financially contribute toward all maintenance of the properties, as well as cover any negative cashflow, communicate with property management companies regarding rentals and help Mikhail gather all the necessary information to prepare for tax filings.

Upon sale or in an event of disposition, George agrees to receive net proceeds after all fees and taxes paid by Mikhail. In addition, Mikhail agrees to transfer George's share of properties in-kind, at George's request when he can receive financing and take over his portion of the income properties at no cost to Mikhail.

George Fikhman

Mikhail Fikhman

# EXHIBIT 4

10/10/2022

We, George Fikhman and Mikhail Fikhman, agree that Mikhail's estate is in debt to George for the equity on the below referenced income Real Estate properties.

**Sold:**

| Property Address | Closing Date | Equity |
|---|---|---|
| 2896 Yale Avenue, Memphis, TN 38112 | 8/6/2021 | $39,884.15 |
| 1055 Cross Meadow Road, Cordova, TN 38018 | 9/24/2021 | $64,093.79 |
| 9702 Tributary Cove, Cordova, TN 38018 | 11/5/2021 | $108,654.81 |
| 4023 Martindale Avenue, Memphis, TN 38128 | 12/7/2021 | $30,530.91 |
| 4807 Royal Run Drive, Memphis, TN 38128 | 12/7/2021 | $32,612.32 |
| 4006 Martindale Avenue, Memphis, TN 38128 | 12/9/2021 | $30,096.91 |
| 6519 Silkwood Avenue, Albuquerque, NM 87121 | 1/14/2022 | $78,584.86 |
| 5460 White Oak Avenue C334, Encino, CA 91316 | 1/26/2022 | $84,774.26 |
| | **Total** | **$469,232.01** |

**Sold/Exchanged:**

| Property Address | Closing Date | Equity |
|---|---|---|
| 5630 Greatpine Lane North, Jacksonville, FL 32244 | 9/9/2022 | $85,016.96 |
| 3248 Rosegate Court, Virginia Beach, VA 23452 | 10/3/2022 | $101,017.46 |
| | **Total** | **$186,034.42** |

**Exchange In Process:**

| Property Address | Approximate Closing Date | Equity Estimate |
|---|---|---|
| 6549 Keeling Street NW, Albuquerque, NM 87120 | 11/18/2022 | $110,000 - $120,000 |
| 252 Sommerset Drive SE, Rio Rancho, NM 87124 | 11/18/2022 | $70,000 - $80,000 |
| 5243 Breezewood Arch, Virginia Beach, VA 23464 | 12/1/2022 | $60,000 - $70,000 |
| 144 52nd Street NW, Albuquerque, NM 87105 | 12/1/2022 | $130,000 - $140,000 |
| 581 Bahama Drive SE, Rio Rancho, NM 87124 | 12/1/2022 | $120,000 - $130,000 |
| | **Total** | **$490,000 - $540,000** |

Mikhail's estate owes George approximately $572,500 - $597,500 in net equity from the above property lists. Exact value will be determined after the sale of the properties in process.

As for the remainder income Real Estate properties, the same terms apply, and half of the net equity from the unsold properties will be paid to George.

George Fikhman

Mikhail Fikhman

# EXHIBIT 5

**FL-300**

PARTY WITHOUT ATTORNEY OR ATTORNEY STATE BAR NUMBER: 174133 / 204678
NAME: Matthew A. Breddan, Esq. / Melanie Gardner-Pawlak, Esq.
FIRM NAME: The Reape-Rickett Law Firm
STREET ADDRESS: 27001 Agoura Road, Suite 330
CITY: Calabasas STATE: California ZIP CODE: 91301
TELEPHONE NO.: 818-888-1144 FAX NO.: 818-888-1155
EMAIL ADDRESS: mbreddan@reaperickett.com
ATTORNEY FOR *(name)*: George Fikhman

***FOR COURT USE ONLY***

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/26/2025 11:47 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By T. Soto-Thayer, Deputy Clerk

Hearing Information:
10/31/2025 8:30am
Dept. 63

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PETITIONER: Edita Bobrov Fikhman
RESPONDENT: Mikhail Fikhman
OTHER PARENT/PARTY: Third Party Claimant George Fikhman

**REQUEST FOR ORDER** ☐ **CHANGE** ☐ **TEMPORARY EMERGENCY ORDERS**

☐ Child Custody ☐ Visitation (Parenting Time) ☐ Spousal or Partner Support
☐ Child Support ☐ Property Control ☐ Attorney's Fees and Costs
☒ Other *(specify)*: Motion to Appoint Receiver

CASE NUMBER: 23STFL03923

*Note: Read form FL-300-INFO for information about how to complete this form. To ask to change or end an order that was granted in a Restraining Order After Hearing (form DV-130 or JV-255), read form FL-300-INFO and form DV-300-INFO*

## NOTICE OF HEARING

1. TO *(name)*: Petitioner Edita Fikhman, Respondent Mikhail Fikhman, 3rd Party Claimant William Fikhman, and their attorneys of record
   ☒ Petitioner ☒ Respondent ☒ Other Parent/Party ☐ Other *(specify)*:

2. **A COURT HEARING WILL BE HELD AS FOLLOWS:**
   a. Date: Time: ☐ Dept.: ☐ Room.:
   b. Address of court ☒ same as noted above ☐ other *(specify)*:

3. **WARNING to the person served with the *Request for Order:*** The court may make the requested orders without you if you do not file a *Responsive Declaration to Request for Order* (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. *(See form FL-320-INFO for more information.)*

## COURT ORDER
***(FOR COURT USE ONLY)***

***It is ordered that:***

4. ☐ Time ☐ for service ☐ until the hearing is shortened. Service must be on or before *(date)*:
5. ☐ A *Responsive Declaration to Request for Order* (form FL-320) must be served on or before *(date)*:
6. ☐ The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows *(specify date, time, and location)*:
7. ☐ The orders in *Temporary Emergency (Ex Parte) Orders* (form FL-305) apply to this proceeding and must be personally served with all documents filed with this *Request for Order*.
8. ☐ Other *(specify)*:

Date:

JUDICIAL OFFICER





**RR-001**

| PETITIONER: Edita Bobrov Fikhman<br>RESPONDENT: Mikhail Fikhman<br>OTHER PARENT/PARTY: Third Party Claimant George Fikhman | CASE NUMBER:<br>23STFL03923 |
|---|---|

## REQUEST FOR ORDER

**Note**: Place a mark **X** in front of the box that applies to your case or to your request. If you need more space, mark the box for "Attachment." For example, mark "Attachment 2a" to indicate that the list of children's names and birth dates continues on a paper attached to this form. Then, on a sheet of paper, list each attachment number followed by your request. At the top of the paper, write your name, case number, and "FL-300" as a title. (You may use *Attached Declaration* (form MC-031) for this purpose.)

1. ☐ RESTRAINING ORDER INFORMATION
One or more domestic violence restraining/protective orders are now in effect between *(specify):*
☐ Petitioner ☐ Respondent ☐ Other Parent/Party *(Attach a copy of the orders if you have one.)*
The orders are from the following court or courts *(specify county and state):*
a. ☐ Criminal: County/state *(specify):* Case No. *(if known)*:
b. ☐ Family: County/state *(specify):* Case No. *(if known)*:
c. ☐ Juvenile: County/state *(specify):* Case No. *(if known)*:
d. ☐ Other: County/state *(specify):* Case No. *(if known)*:

2. ☐ CHILD CUSTODY ☐ I request temporary emergency orders
☐ VISITATION (PARENTING TIME)
a. I request that the court make orders about the following children *(specify):*

| Child's Name | Date of Birth | ☐ Legal Custody to *(person who decides: health, education, etc):* | ☐ Physical Custody to *(person with whom child lives):* |
|---|---|---|---|

☐ Attachment 2a.

b. ☐ The orders I request for ☐ child custody ☐ visitation (parenting time) are:
(1) ☐ Specified in the attached forms:
☐ Form FL-305 ☐ Form FL-311 ☐ Form FL-312 ☐ Form FL-341(C)
☐ Form FL-341(D) ☐ Form FL-341(E) ☐ Other *(specify):*
(2) ☐ As follows *(specify):* ☐ Attachment 2b.

c. The orders that I request are in the best interest of the children because *(specify):* ☐ Attachment 2c.



RR-002

| PETITIONER: Edita Bobrov Fikhman<br>RESPONDENT: Mikhail Fikhman<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>23STFL03923 |
|---|---|

2. d. ☐ This is a change from the current order for ☐ child custody ☐ visitation (parenting time).
   (1) ☐ The order for legal or physical custody was filed on *(date)*: . The court ordered *(specify):*

   (2) ☐ The visitation (parenting time) order was filed on *(date)*: . The court ordered *(specify):*

☐ Attachment 2d.

3. ☐ CHILD SUPPORT
(Note: An earnings assignment may be issued. See *Income Withholding for Support* (form FL-195)
   a. I request that the court order child support as follows:

| Child's name and age | ☐ I request support for each child based on the child support guideline. | Monthly amount ($) requested (if not by guideline) |
|---|---|---|

☐ Attachment 3a.

   b. ☐ I want to change a current court order for child support filed on *(date):*
   The court ordered child support as follows *(specify):*

   c. I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.
   d. The court should make or change the support orders because *(specify)*: ☐ Attachment 3d.

4. ☐ SPOUSAL OR DOMESTIC PARTNER SUPPORT
(Note: An *Earnings Assignment Order for Spousal or Partner Support* (form FL-435) may be issued.)
   a. ☐ Amount requested *(monthly):* $
   b. ☐ I want the court to ☐ change ☐ end the current support order filed on *(date):*
   The court ordered $ per month for support.
   c. ☐ This request is to modify (change) spousal or partner support after entry of a judgment.
   I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration that addresses the same factors covered in form FL-157.
   d. I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.
   e. The court should make, change, or end the support orders because *(specify):* ☐ Attachment 4e.

**FL-300**

| | |
|---|---|
| PETITIONER: Edita Bobrov Fikhman<br>RESPONDENT: Mikhail Fikhman<br>OTHER PARENT/PARTY: Third Party Claimant George Fikhman | CASE NUMBER:<br>23STFL03923 |

5. ☐ PROPERTY CONTROL ☐ I request temporary emergency orders

a. The ☐ petitioner ☐ respondent ☐ other parent/party be given exclusive temporary use, possession, and control of the following property that we ☐ own or are buying ☐ lease or rent *(specify):*

b. The ☐ petitioner ☐ respondent ☐ other parent/party be ordered to make the following payments on debts and liens coming due while the order is in effect:

Pay to: ______ For: ______ Amount: $ ______ Due date: ______
Pay to: ______ For: ______ Amount: $ ______ Due date: ______
Pay to: ______ For: ______ Amount: $ ______ Due date: ______
Pay to: ______ For: ______ Amount: $ ______ Due date: ______

c. ☐ This is a change from the current order for property control filed on *(date):*

d. Specify in Attachment 5d the reasons why the court should make or change the property control orders.

6. ☐ ATTORNEY'S FEES AND COSTS

I request attorney's fees and costs, which total *(specify amount):* $ . I filed the following to support my request:

a. A current *Income and Expense Declaration* (form FL-150).

b. A *Request for Attorney's Fees and Costs Attachment* (form FL-319) or a declaration that addresses the factors covered in that form.

c. A *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a declaration that addresses the factors covered in that form.

7. ☒ OTHER ORDERS REQUESTED *(specify):* ☐ Attachment 7.

That the Court appoint Steven J. Donell of FedReceiver, Inc., or another receiver acceptable to the Court, to manage, control, and sell the Partnership Assets.

8. ☐ TIME FOR SERVICE / TIME UNTIL HEARING I urgently need:

a. ☐ To serve the *Request for Order* no less than *(number):* court days before the hearing.

b. ☐ The hearing date and service of the *Request for Order* to be sooner.

c. I need the order because *(specify):* ☐ Attachment 8.

9. ☒ FACTS TO SUPPORT the orders I request are listed below. The facts that I write in support and attach to this request cannot be longer than 10 pages, unless the court gives me permission. ☐ Attachment 9.

1) Attached Memorandum of Points and Authorities;
2) Attached Declaration of Michael J. Conway;
3) Attached Declaration of Stephen J. Donnel;
4) Declaration of George Fikhman and 5) RFO/Motion for permission to extend page length of declaration, both of which are filed concurrently herewith;
6) Request for Judicial Notice filed concurrently herewith.

I declare under penalty of perjury under the laws of the State of California that the information provided in this form and all attachments is true and correct.

Date: Aug 25, 2025

GEORGE FIKHMAN
(TYPE OR PRINT NAME)

George Fikhman
(SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to courts.ca.gov/forms for *Disability Accommodations Request* (form MC-410). (Civ. Code, § 54.8.)



**RR-004**

# MEMORANDUM OF POINTS AND AUTHORITIES

MEMORANDUM OF POINTS AND AUTHORITIES

MEMORANDUM OF POINTS AND AUTHORITIES

MICHAEL J. CONWAY, ESQ. (State Bar No. 180604)
mconway@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Matthew A. Breddan, Esq. (State Bar No. 174133)
Melanie Gardner-Pawlak, Esq. (State Bar No. 204678)
Donald P. Reape, Esq. (State Bar No. 353532)
The Reape-Rickett Law Firm
27001 Agoura Road, Suite 330
Calabasas, CA 91301
Phone: (818) 888-1144
Fax: (818) 888-1155

Attorneys for Third Party Claimant
George Fikhman

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

In re the Marriage of:

EDITA BOBROV FIKHMAN,

Petitioner,

and

MIKHAIL FIKHMAN,

Respondent.

---

GEORGE FIKHMAN,

Third Party Claimant.

**CASE NO.:** 23STFL03923

UNLIMITED JURISDICTION

**JUDGE:** Hon. Christine J. Gonong

**THIRD PARTY CLAIMANT GEORGE FIKHMAN'S NOTICE OF MOTION AND MOTION TO APPOINT RECEIVER TO TAKE OVER MANAGEMENT AND CONTROL OF CERTAIN PARTNERSHIP AND COMMUNITY ASSETS, AND TO LIQUIDATE PROPERTIES TO PRESERVE THOSE ASSETS; MEMORANDUM OF POINTS AND AUTHORITIES**

**[REQUEST FOR JUDICIAL NOTICE AND DECLARATIONS OF GEORGE FIKHMAN, MICHAEL J. CONWAY, AND STEPHEN J. DONELL FILED CONCURRENTLY HEREWITH]**

**DATE:** ____________________
**TIME:** ____________________
**DEPT:** 63

G&B LAW

**PLEASE TAKE NOTICE** that on _______________, 2025 at _________, or as soon thereafter as the matter may be heard in Department 63 of the above-entitled Court located at 111 N. Hill St., Los Angeles, CA 90012, Third Party Claimant George Fikhman ("**George**") will and hereby does move pursuant to Code of Civil Procedure §§ 564 and 566, and Cal. Rules of Court, Rules 3.1177-3.1178, for an order appointing a receiver ("**Receiver**") to take over management, possession, and/or control of eighteen (18) partnership investment properties ("**Partnership Properties**") and associated partnership assets (some of which also constitute community assets) (hereinafter collectively referred to as the "**Partnership Assets**"), collect rents, and conduct an orderly liquidation of the Partnership Properties as needed for the purpose of preserving community assets.

In connection herewith, George nominates and requests that the Court appoint Stephen J. Donell ("**Mr. Donell**") of FedReceiver, Inc. to act as the Receiver and to take over management, control, and sale of the Partnership Assets. Mr. Donell's qualifications to act as a receiver for this matter are extensive and are detailed more fully in Mr. Donell's declaration filed concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that this Motion is also brought pursuant to Family Code §§ 2100, 2108, 2550, and 2602 on the grounds that the appointment of a receiver is necessary and appropriate to marshal, preserve, and protect the Partnership Assets (an undetermined amount of which are community or quasi-community assets) and to liquidate such assets to avoid unreasonable market or investment risks, given the relative nature, scope, and extent of the community estate.

The Partnership Assets are currently at substantial risk due to the following wrongful actions and/or inactions of Respondent Mikhail Fikhman ("**Mike**"):

(1) Mike cannot be trusted to sell the Partnership Properties as evidenced by his unilateral decision to sell one of those properties (i.e., the Darby property) via an online auction earlier this year at far below fair market value by reducing the minimum purchase price at literally the last minute by $1,000,000 less than the minimum sale price that George and William (each as 1/3 partners) had consented to.

(2) Mike cannot be trusted to manage the Partnership Properties because he refuses to account for any of the rents he has collected over the years or any of the millions of



G&B LAW

dollars he has unlawfully hidden from the sales of those properties, despite George and his counsel's repeated requests for that information.

(3) George has discovered that Mike has failed to pay the mortgages on at least three (3) of the Partnership Properties (Manucy Ct., Tickford St., and Davis Way – hereinafter referred to as the "**Defaulted Properties**") since March 1, 2025, and Mike has refused to provide any explanation as to why he is not paying those mortgages.

(4) The Court had previously ordered the "immediate sale" of those same Defaulted Properties based on a hearing held on February 26, 2025 (i.e., before Mike stopped paying the mortgages on those properties) and pursuant to the Court's subsequent order issued on March 24, 2025 ("**Sale Order**"), yet Mike has not sold any of those properties and refuses to provide any update as to the status of those sales.

(5) Mike failed to pay the mortgage on the Rainbow Falls property, causing it to go into default with the lender. The existing loan on the Rainbow Falls property has fully matured as of June 1, 2025 and now must be paid in full, yet Mike refuses to provide any information as to his efforts to lease, refinance, or sell that property.

(6) Mike is refusing to comply with his fiduciary duties to Edita (as his spouse) and George (as his partner) to act in the highest good faith and with fair dealing, to account for his actions, and to avoid self-dealing. In fact, both Mike and his counsel have repeatedly ignored George and his counsel's written requests for an accounting of all rents collected, all proceeds collected from the sales of various partnership properties, and the status of the mortgages on each of those properties. See, Conway Decl., Exh. "A".

(7) Mike has repeatedly lied to this Court, failed to disclose his creation of a new entity to conduct business and transfer/hide assets (i.e., Online Retail Investors, Inc.), refuses to comply with Court orders, cannot be trusted to act in the best interests of the community, and, in fact, has demonstrated he acts contrary to the best interests of the community.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of George Fikhman, Michael J. Conway,

and Stephen J. Donell, all pleadings and records on file in this action, and such other evidence as may be presented at the hearing.

Respectfully submitted,

DATED: August 25, 2025

G&B LAW, LLP

By: [signature]
MICHAEL J. CONWAY, ESQ.
Attorneys for Third Party Claimant
George Fikhman

G&B LAW

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT ............................................................................................................2

B. THE COURT HAS AUTHORITY TO ORDER THAT COMMUNITY PROPERTY BE MARSHALLED, PRESERVED, PROTECTED, AND LIQUIDATED TO PREVENT DISSIPATION OF THOSE ASSETS...................2

C. MIKE HAS PROVEN HE CANNOT BE TRUSTED TO COMPLY WITH HIS FIDUCIARY DUTIES..........................................................................................4

D. THE APPOINTMENT OF A RECEIVER IS AUTHORIZED PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 564 ET SEQ. .......................6

E. ANY PARTY MAY NOMINATE A RECEIVER.................................................7

F. A RECEIVER WILL NOT DISRUPT BUSINESS OPERATIONS. .....................8

G. THE RECEIVER'S BOND SHOULD BE LIMITED IN AMOUNT. ....................8

III. CONCLUSION.........................................................................................................9



2556068.7 - 32761.0001

RR-010

# TABLE OF AUTHORITIES

**Cases**

*Alderson v. Alderson* (1986) 180 CA3d 450, 467 .......... 10

*Alhambra-Shumway Mines, Inc. v Alhambra Gold Mine Corp.* (1953) 116 CA2d 869, 873 .......... 10

*Barber v. Lewis & Kaufman, Inc.* (1954) 125 CA2d 95, 99 .......... 10

*City & County of San Francisco v Daley* (1993) 16 CA4th 734, 745 .......... 10

*Enea v. Superior Court* (2005) 132 Cal.App.4th 1559, 1564 .......... 8

*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 603 .......... 7

*In re Marriage of Epstein* (1979) 24 Cal.3d 76, 85 .......... 8

*In re Marriage of Fink* (1979) 25 Cal.3d 877, 886 .......... 7

*In re Marriage of Quay* (1993) 18 Cal.App.4th 961, 970 .......... 7

*Laux v. Freed* (1960) 53 Cal.2d 512, 522 .......... 8

*Leff v. Gunter* (1983) 33 Cal.3d 508, 514 .......... 9

*Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 569, 160 Cal.Rptr.3d 254, 259 .......... 9

*Ribero v Callaway* (1948) 87 CA2d 135, 139 .......... 10

*Steinberg v. Goldstein* (1954) 129 CA2d 682, 685 .......... 11

**Statutes**

Cal. Rules of Court, Rule 3.1177 .......... 5

Cal. Rules of Court, Rule 3.1179(a) .......... 10

Cal. Rules of Court, Rules 3.1175-3.1178 .......... 2

California Family Code § 2550 .......... 6

Code of Civil Procedure § 564(b)(9) .......... 5, 11

Code of Civil Procedure § 566 .......... 2

Code of Civil Procedure § 567(b) .......... 13

Code of Civil Procedure §§ 564 .......... 2, 5, 10

Code of Civil Procedure §§ 568–570 .......... 12

Corp. Code § 16104(a) .......... 12

Corp. Code § 16404 .......... 8

G&B LAW

Corporations Code § 16404(d) .......... 9
Family Code § 2040(a)(2) .......... 7
Family Code § 2100(a) .......... 6
Family Code § 2108 .......... 2
Family Code § 2602 .......... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Unless this Court intervenes and appoints a receiver, Mike will continue to: (1) allow Partnership Properties to go into default; (2) sell defaulted Partnership Properties at far below fair market value; (3) fail and refuse to pay the monthly mortgages on Partnership Properties; (4) hide Partnership Assets; (5) fail and refuse to account for the rents and other Partnership Assets he has collected over the years; (6) lie to this Court under penalty of perjury; (7) mismanage the Partnership Properties for his personal advantage; and (8) breach his fiduciary duties to act in the highest good faith and with fair dealing towards George, William, Edita, and the community.

This Motion seeks the appointment of a Receiver under the provisions of California Code of Civil Procedure §§ 564 and 566 and Cal. Rules of Court, Rule 3.1177 et seq. based on the following grounds: (1) "in an action . . . between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds of the property or fund, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured"; and (2) "in all other cases where necessary to preserve the property or rights of any party." Code of Civil Procedure § 564(b)(1) and (9).

The relief requested herein is based on George's joint ownership of the Partnership Assets, Mike's ongoing breaches of fiduciary duty and mismanagement of the Partnership Properties, Mike's unilateral decision to sell Partnership Assets at far below their fair market value, Mike's repeated failure and refusal to account for Partnership Assets or community property, and the fact that a Receiver is the only appropriate way for the Court to adequately protect the Partnership Assets and the community's interest therein during the pendency of these proceedings. Indeed, if management and control of the Partnership Assets are not transferred to a Receiver, there is a great likelihood that the Partnership Assets will continue to dissipate.

///

///



2556068.7 - 32761.0001

///

## II.

## ARGUMENT

**B. THE COURT HAS AUTHORITY TO ORDER THAT COMMUNITY PROPERTY BE MARSHALLED, PRESERVED, PROTECTED, AND LIQUIDATED TO PREVENT DISSIPATION OF THOSE ASSETS.**

Family Code § 2100(a) states: "It is the policy of the State of California (1) to marshal, preserve, and protect community and quasi-community assets and liabilities that exist at the date of separation so as to avoid dissipation of the community estate before distribution, (2) to ensure fair and sufficient child and spousal support awards, and (3) to achieve a division of community and quasi-community assets and liabilities on the dissolution or nullity of marriage or legal separation of the parties as provided under California law."

Family Code section 2108 provides as follows: "At any time during the proceeding, the court has the authority, on application of a party and for good cause, to order the liquidation of community or quasi-community assets so as to avoid unreasonable market or investment risks, given the relative nature, scope, and extent of the community estate. However, in no event shall the court grant the application unless, as provided in this chapter, the appropriate declaration of disclosure has been served by the moving party."[1]

The Court also has broad authority under California Family Code § 2550 to divide community property equally between the parties. More specifically, the Court has authority under Family Code § 2602 to award an asset to one party to offset deliberate misappropriation of community property by the other party.

California courts have long recognized the authority to take measures to preserve community assets when one spouse is engaging in conduct that threatens the value of those assets. See *In re*

[1] Edita filed her Declaration Regarding Service of Declaration of Disclosure and Income and Expense Declaration ("FL-141 Declaration") with the Court on September 20, 2024. A true and correct copy of the Declaration is attached to the Conway Decl., Exh. "B" thereof, and incorporated herein by this reference.


2556068.7 - 32761.0001

*Marriage of Quay* (1993) 18 Cal.App.4th 961, 970 (recognizing the court's authority to prevent dissipation of community assets).

Under Family Code § 2040(a)(2), standard family law restraining orders prohibit both parties from "transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, without the written consent of the other party or an order of the court." These restraining orders recognize the importance of preserving community assets during dissolution proceedings.

Where, as here, one party's actions threaten to diminish the value of community real property in violation of these principles, the Court may order that the property be sold to preserve its value and protect the community estate. See *In re Marriage of Fink* (1979) 25 Cal.3d 877, 886; *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 603 (court has authority to protect community assets from dissipation).

While appointing a receiver may be a drastic remedy, it is the only viable remedy in these circumstances to protect the Partnership Assets and all parties' interests therein. Injunctive relief will not suffice because Mike has demonstrated he does not obey court orders, he acts unilaterally to the detriment of the parties and the community, and refuses to comply with his fiduciary duties to account to his partners for what he has done with those Partnership Assets.

Mike's actions, as detailed more fully in George's declaration, directly threaten to diminish the value of these significant community assets. Moreover, several of the real properties are in the areas that are experiencing a significant downturn, thereby exposing the community and quasi-community assets to an unnecessary risk of loss. See George Decl., ¶ 59, Exh. "DD; Request for Judicial Notice, Exh. "A".

Delaying the sales while Mike continues to conduct "business as usual" as described above will likely result in:

- o Accumulation of late fees and penalties;
- o Defaults and foreclosure proceedings that would significantly reduce or eliminate the parties' equity;
- o Further deterioration of the property requiring costly repairs;


2556068.7 - 32761.0001

- o Additional liens or encumbrances that would impair the value of the properties and complicate the eventual disposition of the property; and
- o Further dissipation of rents that Mike continues to collect and refuses to account for.

Immediate transfer of management and control and ultimately the orderly liquidation of the Partnership Properties and other Partnership Assets will allow for preservation of the maximum equity in these assets, which can then be appropriately divided between the parties or held in a blocked account pending final resolution of property division issues.

Preservation of community assets is a fundamental principle in dissolution proceedings, and the Court has both the authority and the responsibility to prevent dissipation of those assets. See *In re Marriage of Epstein* (1979) 24 Cal.3d 76, 85. By appointing a receiver here, the Court will be helping to preserve these assets for the benefit of the community and all interested parties.

**C. MIKE HAS PROVEN HE CANNOT BE TRUSTED TO COMPLY WITH HIS FIDUCIARY DUTIES.**

Partners are always each other's fiduciaries. "The fiduciary duties a partner owes to the partnership and the other partners are the duty of loyalty and the duty of care set forth in subdivisions (b) and (c)." Corp. Code § 16404.

"The defining characteristic of a partnership is the combination of two or more persons to jointly conduct business. 'Partnership is a fiduciary relationship, and partners are held to the standards and duties of a trustee in their dealings with each other. . . every partner is bound to act in the highest good faith to his copartner and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind.'" *Enea v. Superior Court* (2005) 132 Cal.App.4th 1559, 1564; *Laux v. Freed* (1960) 53 Cal.2d 512, 522.

Pursuant to the duty of care, a partner must refrain from grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law. Here, Mike has breached his fiduciary duties by, among other things, failing to keep various mortgages current, allowing various properties to go into default, secretly reducing the minimum online auction sale price for Darby by $1,000,000 just minutes before the auction closed (without obtaining George, William, or Edita's consent), and


2556068.7 - 32761.0001

G&B LAW

without advising George of his intention to do so until the auction had already ended and the Darby property sold.

A partner's duty of loyalty includes all of the following: (1) **to account to the partnership and hold as trustee for it any property, profit, or benefit derived from the partnership business**; (2) to refrain from dealing with the partnership as or on behalf of a party having an adverse interest to that of the partnership; and (3) to refrain from competing with the partnership in the conduct of the partnership business. Here, Mike has repeatedly failed and refused to account for the rents and other proceeds he has taken and hidden from his partners, his spouse, and this Court, notwithstanding George and his counsel's repeated written requests for information sent to both Mike and his counsel. Mike has also secretly created a competing business and has been hiding that income from the Court, Edita, and his partners. See Declaration of George Fikhman, ¶ 5, Exh. "A", ¶¶ 48-50, Exhs. "Q"-"V"; Declaration of Michael J. Conway ("Conway Decl.); ¶¶ 2-7, Exh. "A".

A partner shall also discharge the duties of the partnership and the other partners under the Corporations Code and exercise any rights consistently with the obligation of good faith and fair dealing. (Corp. Code § 16404(d).) In doing so, a partner must not take any unfair advantage of the partnership or other partners and must not enjoy any greater rights. According to the California Supreme Court:

> Partners are trustees for each other, and in all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his co-partner and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind. . . . Each [partner] occupie[s] the position of trustee to the other with regard to all the partnership transactions, including the transaction contemplated by the firm and constituting the object or purpose for which the partnership was formed.

(*Leff v. Gunter* (1983) 33 Cal.3d 508, 514.)

The duties owed between spouses in the management and control of their community property are the same highest duties owed by parties to a fiduciary relationship. (*See Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 569, 160 Cal.Rptr.3d 254, 259).



2556068.7 - 32761.0001

Based on Mike's actions and inactions to date as detailed more fully in the Declaration of George Fikhman, there can be no question Mike has not acted with the highest good faith and fair dealing towards George, William, or Edita, and that a receiver is warranted here.

**D. THE APPOINTMENT OF A RECEIVER IS AUTHORIZED PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 564 ET SEQ.**

Under California law, a receiver is a court officer or representative appointed to take over management and control of property that is the subject of litigation before the court, to preserve the property, and ultimately to dispose of it in accordance with the court's orders. See Code of Civil Procedure § 564. As set forth in Cal. Rules of Court, Rule 3.1179(a), the receiver is a neutral, disinterested agent who acts for the benefit of all who may have an interest in the property for which a receiver is requested. The receiver holds assets specifically for the court, not for any party in the action.

The appointment of a receiver rests in large measure in the discretion of the trial court. See generally *Barber v. Lewis & Kaufman, Inc.* (1954) 125 CA2d 95, 99 (trial courts have "wide and broad discretion" in appointment of receivers); *Alhambra-Shumway Mines, Inc. v Alhambra Gold Mine Corp.* (1953) 116 CA2d 869, 873. Because the appointment of a receiver rests largely in the discretion of the trial court, the court's action in appointing a receiver will not be disturbed in the absence of a showing that the court has abused its discretion. *Alderson v. Alderson* (1986) 180 CA3d 450, 467. Moreover, the mere fact that the party requesting a receiver's appointment may have other remedies available to it does not, in and of itself, preclude use of a receivership. *City & County of San Francisco v Daley* (1993) 16 CA4th 734, 745. In such a situation, the court is called on to consider the "availability and efficacy" of those other remedies in exercising its discretion to grant the "extraordinary" remedy of receivership. 16 CA4th at 745.

George anticipates that Mike will attempt to oppose this Motion by arguing that there are disputed questions of fact as to who actually owns at least some of the Partnership Properties. However, such an argument is not a bar to this Court appointing a receiver because the strict requirements of pleading and proof in proceedings involving a determination on the merits of a case are not fully applicable in proceedings appointing a receiver. See generally *Ribero v Callaway*

G&B LAW

(1948) 87 CA2d 135, 139. On an application for receivership, the trial court is not required to make a determination on the ultimate issues present in the case. Instead, the court makes the sole determination of whether appointment of a receiver, either to operate a business or to take control of the certain assets, is warranted on the showing made by the applicant.

California Code of Civil Procedure § 564 provides that a receiver may be appointed by the court in which an action or proceeding is pending in a variety of circumstances. For example, such an appointment is allowed: (1) "in an action . . . between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds of the property or fund, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured"; and (2) "in all other cases where necessary to preserve the property or rights of any party." Code of Civil Procedure § 564(b)(1) and (9); see also Corp. Code § 16104(a) ("Unless displaced by particular provisions of this chapter, the principles of law and equity supplement this chapter").

Code of Civil Procedure §§ 568–570 set forth the receiver's general powers and provide that the receiver has the power to: (1) bring and defend actions in his or her own name as receiver; (2) take and keep possession of the property of the receivership estate; (3) receive rents, collect debts, to compound for and compromise the same, to make transfers; and generally (4) to do such acts respecting the property as the court may authorize. *Steinberg v. Goldstein* (1954) 129 CA2d 682, 685 (receiver is agent and officer of court, and property in his or her hands is under "the control and continuous supervision of the court"). The powers that are requested for the Receiver in this action are set forth more fully in the proposed Order submitted concurrently herewith.

**E. <u>ANY PARTY MAY NOMINATE A RECEIVER.</u>**

CRC Rule 3.1177 provides that, at the hearing to confirm a receiver appointed ex parte or on noticed motion, each appearing party may nominate one or more persons for the appointment, without prejudice to that party's objection to the appointment or confirmation of a receiver.

Plaintiff nominates Stephen J. Donell of FedReceiver, Inc. as the Receiver in this proceeding. (See Declaration of Stephen J. Donell ("Donell Decl.") filed concurrently herewith and incorporated herein by this reference.) Mr. Donell is an experienced Receiver and is qualified to act as Receiver

herein, and has in other similar actions acted as Receiver under the auspices and directions of the courts of this state. Donell Decl., ¶ 2. Further, Mr. Donell has managed other properties similar to the Partnership Properties, is a licensed real estate broker, is a Certified Property Manager, and is thus well-suited to act as Receiver. Donell Decl., ¶¶ 2-7.

**F. <u>A RECEIVER WILL NOT DISRUPT BUSINESS OPERATIONS.</u>**

Based on Mr. Donell's position as a licensed real estate broker and his extensive property management experience, Mr. Donell is eminently qualified to act as the Receiver and take over management and control of the Partnership Properties, in whatever form it may take, to keep all partners and Edita fully and fairly informed of the operations, and to report back to the Court on his efforts and recommendations. His extensive real estate and property management experience will also allow him to more quickly fill any vacancies, repair any problems, and ultimately liquidate the properties for the benefit of all partners and the community estate.

**G. <u>THE RECEIVER'S BOND SHOULD BE LIMITED IN AMOUNT.</u>**

The purpose of a receiver's bond is to ensure that the Receiver faithfully performs his or her duties and obeys the orders of the Court. (Code Civ. Proc. § 567(b).) George has nominated Stephen J. Donell as the Receiver. As set forth more fully in Mr. Donnell's declaration, Mr. Donell specializes in court-appointed receiverships and has served as a court-appointed receiver in numerous matters similar to this one. (See Donell Decl.) Mr. Donell and his company are also experienced in numerous areas of real estate, among other operations. In light of Mr. Donell's extensive experience and established track record of faithfully performing his duties as a receiver, George requests that the Court require the Receiver to post a minimal receiver's bond in the amount of $10,000.

///

///

///

///

///

///

///



2556068.7 - 32761.0001

**III.**

**CONCLUSION.**

For all the foregoing reasons, Third Party Claimant George Fikhman requests that the Court grant this Motion and appoint Stephen J. Donell of FedReceiver, Inc., or another receiver acceptable to the Court, to manage, control, marshal, and sell the Partnership Assets.

Respectfully submitted,

DATED: August 25, 2025

G&B LAW, LLP

By: /s/ Michael J. Conway

MICHAEL J. CONWAY, ESQ.
Attorneys for Third Party Claimant
George Fikhman

G&B LAW



2556068.7 - 32761.0001

# DECLARATION OF MICHAEL J. CONWAY

# DECLARATION OF MICHAEL J. CONWAY

# DECLARATION OF MICHAEL J. CONWAY

MICHAEL J. CONWAY, ESQ. (State Bar No. 180604)
mconway@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Matthew A. Breddan, Esq. (State Bar No. 174133)
Melanie Gardner-Pawlak, Esq. (State Bar No. 204678)
Donald P. Reape, Esq. (State Bar No. 353532)
The Reape-Rickett Law Firm
27001 Agoura Road, Suite 330
Calabasas, CA 91301
Phone: (818) 888-1144
Fax: (818) 888-1155

Attorneys for Third Party Claimant
George Fikhman

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

In re Marriage of:

EDITA BOBROV FIKHMAN

Petitioner,

v.

MIKHAIL FIKHMAN,

Respondent.

---

GEORGE FIKHMAN,

Third Party Claimant.

**CASE NO.:** 23STFL03923

**JUDGE:** Hon. Christine J. Gonong (Dept. 63)

**DECLARATION OF MICHAEL J. CONWAY IN SUPPORT OF THIRD PARTY CLAIMANT GEORGE FIKHMAN'S MOTION TO APPOINT RECEIVER TO TAKE OVER MANAGEMENT AND CONTROL OF CERTAIN PARTNERSHIP AND COMMUNITY ASSETS, AND TO LIQUIDATE PROPERTIES TO PRESERVE THOSE ASSETS**

Date:
Time:
Dept: 63

I, Michael J. Conway, declare as follows:

1. I am duly licensed to practice law in this Court and am an attorney in the law firm of G&B Law, LLP, counsel for Third Party Claimant George Fikhman ("**George**"). The facts recited in this declaration are known to me of my own personal knowledge and if called upon to testify as a witness, I could and would competently testify thereto.

1. I offer my declaration in lieu of personal testimony pursuant to Sections 2009 and 2015.5 of the California *Code of Civil Procedure*, Rule 5.111 of the California *Rules of Court*, *Reifler vs. Superior Court* (1974) 39 Cal.App.3d 479, and *Marriage of Stevenot* (1984) 154 Cal. App. 3d 1051.

2. I was associated in as co-counsel for George in this case on or about January 31, 2025. Since that time, I have made numerous written requests to counsel representing Respondent Mikhail Fikhman ("**Mike**"), as well as to Mike directly during the time he was not represented by counsel, to request that they provide information and documents regarding the status of various partnership properties and other assets jointly owned by George and Mike as 50/50 partners or jointly owned as 1/3 partners with their other brother, Third Party Claimant William Fikhman ("**William**").

3. On March 25, 2025, I sent an email to Mike's counsel at the time requesting that they provide an update as to the three properties that the Court had ordered sold (i.e., Davis Way, Manucy, and Tickford St.) as well as the status of fourteen (14) other partnership properties that George maintains a 50% or 1/3 ownership interest in. I did not receive any response to my email.

4. On April 18, 2025, after the Court had granted Mike's counsel's motion to be relieved as counsel, I sent a follow up email directly to Mike requesting that he provide me with the requested information. Mike did not respond to my email.

5. On April 24, 2025, I sent another follow up email to Mike requesting the following detailed information regarding 17 partnership properties:

(1) Status of your sale efforts.

(2) Copies of any listing or sale-related documents.

(3) Copies of current contracts with property management companies.

(4) Contact person for each property management company.

(5) Copies of current leases.

(6) Bank account information as to where any rent payments have been deposited over the past 3 years.

(7) Bank statements for the past 3 years for each such bank account.

(8) Copies of current mortgage statements.



G&B LAW

(9) Copies of statements received from property management companies.

(10) Proof of mortgage payments.

(11) An accounting as to all rents received for the past 3 years.

(12) Proof of your sharing any rental income with George Fikhman over the past 3 years.

Again, Mike did not respond to my email.

6. On May 22, 2025, after Mike had obtained new counsel, I sent an email to said counsel following up on my prior emails and requesting that they provide the same information and documents. Notwithstanding my request, I never received any response from Mike's new counsel.

7. On July 8, 2025, I sent a follow up email to Mike's new counsel again requesting that they provide me with the requested information and documents. Once again, Mike's counsel failed to respond. True and correct copies of the e-mail trail containing these communications commencing March 25, 2025 through July 8, 2025 are attached collectively hereto as **Exhibit "A"** and incorporated herein by this reference.

8. A true and correct copy of the Declaration Regarding Service of Declaration of Disclosure and Income and Expense Declaration filed by Edita on September 20, 2024 is attached hereto as **Exhibit "B"** and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of August 2025, at Los Angeles, California.

By: [signature]
Michael J. Conway

# EXHIBIT A

**From:** Michael Conway <mconway@gblawllp.com>
**Sent:** Tuesday, July 8, 2025 10:59 AM
**To:** bluntlawoffice@aol.com
**Cc:** Melanie Gardner-Pawlak; Garry M. Gekht, Esq.; Daniel Paletz; Adriana Lozano; Matthew Breddan; Donald Reape; Jackie Murillo; Matt Bowes; Lauren Lookofsky
**Subject:** RE: IRMO Fikhman

Dear Mr. Blunt,

I am once again following up on the email trail below. Since I sent my last email, it has come to my attention that the Manucy property is past due on its mortgage payments in the amount of $4,892.08 since 3/1/25, the Tickford property is past due in the amount of $4,091.28 since 3/1/25, and that the Davis Way property is past due in the amount of $3,706.84 since 3/1/25. Please advise immediately as to why these mortgage payments are past due and how Mike Fikhman intends to get those current.

As you should also know, the Court ordered your client to sell those three properties and I understand that two of them may have been listed and received offers but we have received no information from you or your client regarding that process. Please advise immediately as to the status of any such offers/sales.

Please also advise what you intend to do with the proceeds of those sales once completed. My client (George Fikhman) asserts an ownership interest in those properties and thus is entitled to share in any proceeds subject to order of the Court. My office is currently holding the proceeds from the Darby sale in its client trust account and is willing to hold the proceeds from the sales of these three properties as well subject to agreement of the parties or further court order. Let me know if that proposal is acceptable.

Last but not least, please provide me with the requested information in the trail below for all of the 19 subject properties by 5:00 pm on Friday, 7/11/25.

Thank you in advance for your anticipated courtesy and cooperation. I look forward to hearing from you.

Sincerely,

Michael J. Conway
G&B LAW, LLP
818.382.6200 818.986.6534
mconway@gblawllp.com
www.gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

---

**From:** Michael Conway <mconway@gblawllp.com>
**Sent:** Thursday, May 22, 2025 11:57 AM
**To:** bluntlawoffice@aol.com
**Cc:** Melanie Gardner-Pawlak <mgpawlak@reaperickett.com>; Garry M. Gekht, Esq. <garry@ktg.law>; Daniel Paletz

<daniel@kpsclaw.com>; Adriana Lozano <adriana@kpsclaw.com>; Matthew Breddan <mbreddan@reaperickett.com>; Donald Reape <dreape@reaperickett.com>; Jackie Murillo <jmurillo@reaperickett.com>; Matt Bowes <mbowes@gblawllp.com>; Lauren Lookofsky <lauren@kpsclaw.com>
**Subject:** RE: IRMO Fikhman

Dear Mr. Blunt,

I hope you are well. I represent third party Claimant George Fikhman in the above-referenced matter. I am following up on the email trail below and request that your office provide the requested information by no later than 5:00 p.m. on Tuesday, 5/27/25. If we do not receive the requested information, we will be forced to pursue all available remedies with the Court including, but not limited to, a motion to take management and control over these properties and ultimately to liquidate them for the benefit of the community and my client. This information is critical in determining what steps, if any, your client has taken to comply with the Court's prior order to immediately sell three of the properties listed below.

Thank you in advance for your prompt attention to this matter.

On behalf of George Fikhman, all rights are respectfully reserved.

Sincerely,

Michael J. Conway
G&B LAW, LLP
818.382.6200 818.986.6534
mconway@gblawllp.com
www.gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

---

**From:** Michael Conway <mconway@gblawllp.com>
**Sent:** Thursday, April 24, 2025 12:06 PM
**To:** mike fikhman <mfikhman@hotmail.com>
**Cc:** Melanie Gardner-Pawlak <mgpawlak@reaperickett.com>; Garry M. Gekht, Esq. <garry@ktg.law>; Daniel Paletz <daniel@kpsclaw.com>; Adriana Lozano <adriana@kpsclaw.com>; Matthew Breddan <mbreddan@reaperickett.com>; Donald Reape <dreape@reaperickett.com>; Jackie Murillo <jmurillo@reaperickett.com>; Matt Bowes <mbowes@gblawllp.com>; Lauren Lookofsky <lauren@kpsclaw.com>
**Subject:** RE: IRMO Fikhman

Dear Mr. Fikhman,

I am following up once again regarding the email trail below. Please provide the following information and documents by 5:00 p.m. on Friday with respect to each of the 17 properties listed below:

(1) Status of your sale efforts.
(2) Copies of any listing or sale-related documents.
(3) Copies of current contracts with property management companies.
(4) Contact person for each property management company.
(5) Copies of current leases.

(6) Bank account information as to where any rent payments have been deposited over the past 3 years.
(7) Bank statements for the past 3 years for each such bank account.
(8) Copies of current mortgage statements.
(9) Copies of statements received from property management companies.
(10) Proof of mortgage payments.
(11) An accounting as to all rents received for the past 3 years.
(12) Proof of your sharing any rental income with George Fikhman over the past 3 years.

Thank you in advance for your prompt attention to these matters.

Sincerely,

Michael J. Conway
G&B LAW, LLP
818.382.6200 818.986.6534
mconway@gblawllp.com
www.gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

---

**From:** Michael Conway <mconway@gblawllp.com>
**Sent:** Friday, April 18, 2025 3:24 PM
**To:** mike fikhman <mfikhman@hotmail.com>
**Cc:** Melanie Gardner-Pawlak <mgpawlak@reaperickett.com>; Garry M. Gekht, Esq. <garry@ktg.law>; Daniel Paletz <daniel@kpsclaw.com>; Adriana Lozano <adriana@kpsclaw.com>; Matthew Breddan <mbreddan@reaperickett.com>; Donald Reape <dreape@reaperickett.com>; Jackie Murillo <jmurillo@reaperickett.com>; Matt Bowes <mbowes@gblawllp.com>; Lauren Lookofsky <lauren@kpsclaw.com>
**Subject:** RE: IRMO Fikhman

Dear Mr. Fikhman,

I am following up on the email trail below. You indicated at the hearing on 4/11/25 that you were in the process of selling the three properties referenced below but neither I nor my client have received any information regarding any aspect of that process. Please advise immediately the status of your efforts and provide copies of any listing and sale-related documents.

Please also confirm whether or not you will stipulate to allow Edita Fikhman and George Fikhman to jointly take over liquidating all of the properties referenced in the trail below including, but not limited to, powers of sale, collecting rent, and overall management of the properties pending liquidation. As the Court noted at the 4/11/25 hearing, the longer these properties are kept, the more money that the estate is losing. George Fikhman and Edita Fikhman would take responsibility for keeping you informed of any listing or sale-related efforts.

I look forward to receiving your prompt response.

Sincerely,

Michael J. Conway
G&B LAW, LLP
818.382.6200 818.986.6534
mconway@gblawllp.com
www.gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

---

**From:** Michael Conway <mconway@gblawllp.com>
**Sent:** Tuesday, March 25, 2025 10:23 AM
**To:** Lauren Lookofsky <lauren@kpsclaw.com>
**Cc:** Melanie Gardner-Pawlak <mgpawlak@reaperickett.com>; Matthew Skarin <mskarin@skarinlaw.com>; Garry M. Gekht, Esq. <garry@ktg.law>; Daniel Paletz <daniel@kpsclaw.com>; Adriana Lozano <adriana@kpsclaw.com>; Matthew Breddan <mbreddan@reaperickett.com>; Donald Reape <dreape@reaperickett.com>; Jackie Murillo <jmurillo@reaperickett.com>; Matt Bowes <mbowes@gblawllp.com>
**Subject:** RE: IRMO Fikhman

Dear counsel,

It is my understanding that the Court has ordered that the following properties be sold:

1. 5433 Davis Way Virginia Beach VA (50/50)
2. 2058 Manucy Middleburg FL (50/50)
3. 2070 Tickford St Middleburg FL (50/50)

As you may know, George Fikhman claims a 50% ownership in these properties. Please provide an update on the status of your sales efforts for these properties.

I also understand that there are multiple other properties that have not been sold and which George claims a 50% ownership interest in including, but not necessarily limited to, the following properties:

1. 9448 Hickory St Norfolk VA (50/50)
2. 1575 Sword Dancer Dr Virginia Beach (50/50)
3. 3857 Hideaway Lane Middleburg FL (50/50)
4. 3876 Hideaway Lane Middleburg FL (50/50)
5. 769 Turning Leaf St Albany OR (50/50)
6. 916 Turlough Ct Smyrna TN (50/50)
7. 3952 Hideaway Lane Middleburg FL (50/50)
8. 3608 Monarcas St Unit 101 Las Vegas NV (50/50)
9. 7173 Durango Dr. Unit 202 Las Vegas NV (50/50)
10. 5046 Knightbridge Cir N Jacksonville FL 32244 (50/50)
11. 17101 Rainbow Falls Trail Boca Raton FL (50/50)-successfully exchanged from 7 sold properties in December of 2022

Please advise if you are agreeable to entering into a stipulation to sell any of these properties.

Last, but not least, it is my understanding that George and William claim a 1/3 ownership interest in the following properties:

1. 5655 E Sahara Ave Unit 1607 Las Vegas NV (1/3 each with George, William, and Mike/Edita)
2. 3400 Cabana Unit 2030 LAs Vegas NV (1/3 each with George, William, and Mike/Edita)
3. 6548 N 61st Ave Glendale AZ (1/3 each with George, William, and Mike/Edita)

Please advise if you are agreeable to entering into a stipulation to sell any of these properties.

Sincerely,

Michael J. Conway
G&B LAW, LLP
818.382.6200 818.986.6534
mconway@gblawllp.com
www.gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

---

**From:** Lauren Lookofsky <lauren@kpsclaw.com>
**Sent:** Monday, March 24, 2025 11:19 AM
**To:** Michael Conway <mconway@gblawllp.com>
**Cc:** Melanie Gardner-Pawlak <mgpawlak@reaperickett.com>; Matthew Skarin <mskarin@skarinlaw.com>; Garry M. Gekht, Esq. <garry@ktg.law>; Daniel Paletz <daniel@kpsclaw.com>; Adriana Lozano <adriana@kpsclaw.com>; Matthew Breddan <mbreddan@reaperickett.com>; Donald Reape <dreape@reaperickett.com>; Jackie Murillo <jmurillo@reaperickett.com>; Matt Bowes <mbowes@gblawllp.com>
**Subject:** Re: IRMO Fikhman

Received. Thank you.

Regards,
Lauren M. Lookofsky

Lauren M. Lookofsky, Esq. | 818.478.1043 | 818.478.1047 (fax) | lauren@kpsclaw.com
*Kermisch & Paletz LLP | 12711 Ventura Blvd. Ste. 200 | Studio City, CA 91604*

On Mon, Mar 24, 2025 at 11:17 AM Michael Conway <mconway@gblawllp.com> wrote:

> Hi all – Attached is my signature on the revised stipulation.
>
> Sincerely,

# EXHIBIT B

FL-141

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
GARRY M. GEKHT, ESQ. 321424
LAW OFFICES OF KAPLAN, TROPE & GEKHT
10866 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90024

TELEPHONE NO.: 310-473-0798 FAX NO.:
E-MAIL ADDRESS: garry@ktg.law
ATTORNEY FOR *(Name):* PETITIONER, EDITA BOBROV FIKHMAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PETITIONER: EDITA BOBROV FIKHMAN
RESPONDENT: MIKHAIL FIKHMAN
OTHER PARENT/PARTY:

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/20/2024 4:04 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Auto Accepted, Deputy Clerk

**DECLARATION REGARDING SERVICE OF DECLARATION OF DISCLOSURE AND INCOME AND EXPENSE DECLARATION**

[X] Petitioner's [X] Preliminary
[ ] Respondent's [ ] Final

CASE NUMBER: 23STFL03923

1. I am the [X] attorney for [X] petitioner [ ] respondent in this matter.

2. [X] Petitioner's [ ] Respondent's *Preliminary Declaration of Disclosure* (form FL-140), current* *Income and Expense Declaration* (form FL-150), completed *Schedule of Assets and Debts* (form FL-142) or *Community and Separate Property Declarations* (form FL-160) with appropriate attachments, all tax returns filed by the party in the two years before service of the preliminary disclosures, and all other required information under Family Code section 2104 were served on:
[ ] the other party [X] the other party's attorney by [ ] personal service [ ] mail
[X] Other *(specify):* Via email per agreement
on *(date):* 09/20/2024

3. [ ] Petitioner's [ ] Respondent's *Final Declaration of Disclosure* (form FL-140), current* *Income and Expense Declaration* (form FL-150), completed *Schedule of Assets and Debts* (form FL-142) or *Community or Separate Property Declarations* (form FL-160) with attachments, and the material facts and information required by Family Code section 2105 were served on:
[ ] the other party [ ] other party's attorney by [ ] personal service [ ] mail
[ ] Other *(specify):*
on *(date):*

4. [ ] Service of [ ] Petitioner's [ ] Respondent's [ ] preliminary [ ] final declaration of disclosure
[ ] current income and expense declaration has been waived as follows:
   a. [ ] The parties agreed to waive final declaration of disclosure requirements under Family Code section 2105(d.) (Form FL-144 may be used for this purpose.) The waiver [ ] was filed on *(date):*
   [ ] is being filed at the same time as this form.
   b. [ ] The party has failed to comply with disclosure requirements, and the court has granted the request for voluntary waiver of receipt under Family Code section 2107 on *(date):*
   c. [ ] This is a default proceeding that does not include a stipulated judgment or settlement agreement. Petitioner waives final disclosure requirements under Family Code section 2110.

**Current* is defined as completed within the past three months providing no facts have changed. (Cal. Rules of Court, rule 5.260.)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/20/2024

Garry M. Gekht, Esq. ▶ [signature]
(TYPE OR PRINT NAME) SIGNATURE

NOTE: File this document with the court.
Do not file a copy of the Preliminary or Final Declaration of Disclosure or any attachments to either declaration of disclosure with this document.



Form Adopted for Mandatory Use
Judicial Council of California
FL-141 [Rev. July 1, 2013]

**DECLARATION REGARDING SERVICE OF DECLARATION OF DISCLOSURE AND INCOME AND EXPENSE DECLARATION**
**(Family Law)**

Family Code, §§ 2102, 2104, 2105, 2106, 2112
www.courts.ca.gov

CEB ceb.com Essential Forms

Fikhman, Edita

**RR-033**

# DECLARATION OF STEPHEN J. DONELL

# DECLARATION OF STEPHEN J. DONELL

# DECLARATION OF STEPHEN J. DONELL

MICHAEL J. CONWAY, ESQ. (State Bar No. 180604)
mconway@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Matthew A. Breddan, Esq. (State Bar No. 174133)
Melanie Gardner-Pawlak, Esq. (State Bar No. 204678)
Donald P. Reape, Esq. (State Bar No. 353532)
The Reape-Rickett Law Firm
27001 Agoura Road, Suite 330
Calabasas, CA 91301
Phone: (818) 888-1144
Fax: (818) 888-1155

Attorneys for Third Party Claimant
George Fikhman

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| In re Marriage of:<br><br>EDITA BOBROV FIKHMAN<br><br>Petitioner,<br><br>v.<br><br>MIKHAIL FIKHMAN,<br><br>Respondent.<br><br>GEORGE FIKHMAN,<br><br>Third Party Claimant. | **CASE NO.:** 23STFL03923<br><br>**JUDGE:** Hon. Christine J. Gonong (Dept. 63)<br><br>**DECLARATION OF STEPHEN J. DONELL IN SUPPORT OF THIRD PARTY CLAIMANT GEORGE FIKHMAN'S MOTION TO APPOINT RECEIVER TO TAKE OVER MANAGEMENT AND CONTROL OF CERTAIN PARTNERSHIP AND COMMUNITY ASSETS, AND TO LIQUIDATE PROPERTIES TO PRESERVE THOSE ASSETS**<br><br>Date:<br>Time:<br>Dept: 63 |

I, Stephen J. Donell, declare as follows:

1. I understand that I have been nominated to act as the Receiver in the above-captioned action. The information set forth below is known to me through firsthand knowledge.

If called as a witness in this matter, I could and would competently testify under oath as to the facts set forth below.

2. Since 1990, I have administered and/or been appointed as a federal and state court receiver in more than 900 cases in multiple state/jurisdictions across the country. I have extensive experience involving commercial and residential real estate including sub-standard properties, office, industrial, apartments, retail, single-family residential, assisted living, self-storage, home-owners associations and specialty property, asset and business operations/liquidations, temporary management of going concerns involving a variety of business-types including equipment manufacturing, distribution, professional services organizations, intellectual property and tech companies. In addition, I have administered cases involving post judgment enforcement actions, secured creditor foreclosures, marital dissolutions, partnership disputes, health & safety code violations, and other types of receivership appointments. I have performed millions of dollars of repairs/maintenance to residential/commercial property and have refinanced numerous properties as a court appointed receiver. I have also administered and/or been appointed in federal court as receiver in United States Securities and Exchange Commission, Federal Trade Commission and other government enforcement actions involving business/consumer fraud. These cases have involved over 25,000 investors and invested funds totaling more than $750 million and include asset recovery in multiple foreign jurisdictions. I have a great deal of expertise and experience involving Ponzi-like schemes, claw-back and fraudulent transfer litigation. I have sold more than 100 individual properties out of receivership and/or partition and have extensive experience in marketing assets for the benefit of all creditors and interested parties in order to reasonably maximize value. Finally, the FedReceiver, Inc. team has extensive experience in navigating and administering complex claims procedures.

3. I am the President of FedReceiver, Inc., a California Corporation that specializes in the administration of receivership/referee matters. FedReceiver, Inc. currently employs four active receivers/referees. It is based in Los Angeles, California.

4. I am the President of Jalmar Properties, Inc., a full-service real estate management company which holds an Accredited Management Company (“AMO” designation) through the

Institute of Real Estate Management. Jalmar, on a cumulative basis, has managed in excess of 12,000 apartment units and 10 million square feet of commercial properties having a market value in excess of two billion dollars. In addition to being a California Licensed Real Estate Broker, I hold both a Certified Property Manager ("CPM") and an Accredited Residential Manager ("ARM") professional designation through the Institute of Real Estate Management. I am also a Certified Investment Member ("CCIM") of the CCIM Institute, and hold a Residential Care for the Elderly Administrator Certificate ("RCFE") from the State of California Department of Social Services Community Care Licensing Division, an EPA Renovator Certification from the Environmental Protection Agency and a certification in mold remediation. Attached hereto as **Exhibit "1"**, and by this reference made a part hereof, is a true copy of a one sheet explaining in more detail what a Certified Property Manager does and how I can be of assistance as it relates to the issues in this case.

5. I am also a California licensed real estate broker and our firm is also a licensed broker in Nevada and Arizona. I understand that several of the properties involved in this dispute are located in California, Nevada, and Arizona.

6. I am a past Co-President of the Los Angeles/Orange County Chapter of the California Receivers Forum ("CRF") and am a current member of the State Board of Directors of the CRF. I was the 2013-2014 President of the National Association of Federal Equity Receivers ("NAFER").

7. I have substantial experience that is particularly relevant to the matter pending before this Court and I possess the experience necessary to accept this appointment.

8. I am not a party, an attorney of a party or person interested in this action, or related to any judge of the court by consanguinity or affinity within the third degree.

9. I do not have any oral or written contract, agreement, arrangement, understanding or relationship with any party to this action regarding the manner in which the Receivership estate will be administered, including but not limited to the professionals I may retain, fees to be charged, proposed expenditures to be incurred and manner and method to be used to comply with

any Order of the Court. This also includes whether or not I will be retained by or work with any party post-Receivership.

10. As the proposed Receiver, I agree that I am an agent of the Court and not of any party to the litigation, and as such (1) I will remain neutral; (2) I will act for the benefit of all who may have an interest in the Receivership property; and (3) I will hold the assets of the Receivership for the Court and not any particular party.

11. Attached hereto as **Exhibit "2"**, and by this reference made a part hereof, is a true copy of my most recent CV. I am not, to the best of my knowledge, related to any judge or commissioner of this Court. Neither I nor my office is associated with, or employed by any party in this matter.

12. My standard billing rate is $495.00 per hour. My staff bills at rates varying from $125 per hour (for field agents) to $395 per hour for senior receiver/partition administrators. Attached hereto as **Exhibit "3"**, and by this reference made a part hereof, is a copy of my Fee Schedule.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of August 2025, at Los Angeles, CA.

By: [signature]
STEPHEN J. DONELL

# Exhibit “1”

# Exhibit “1”

# Exhibit “1”

IREM®
INSTITUTE OF REAL ESTATE MANAGEMENT

# Do you have the best real estate manager for your property?

# Hire a Certified Property Manager®.



## CPMs are your partner in profitability. For every property.

CPM®

Your property deserves the best staff to manage day-to-day opportunities and navigate the ever-changing challenges of real estate management. When you hire an IREM® Certified Property Manager (CPM®), you'll have peace of mind knowing your property is in the best hands. A CPM has the experience to manage residential, commercial, and mixed-use properties. All CPMs have demonstrated knowledge and advanced skills in six critical domains to maximize any property's value. Rigorous training is core to a CPM's ability to efficiently and effectively manage your real estate.

CPMs are equipped with expertise related to these six critical domains:

- Leasing and marketing
- Financial operations
- Maintenance and operations
- Legal and risk management
- Human resources
- Ethics

## CPMs do it all.

Manage **15 thousand** residential units

Manage **9.9 million sq ft** of commercial space

Manage **$4.5 billion** property assets in the U.S.

## Maximize ROI and protect your investment

Protect your real estate investment by hiring a CPM. Their advanced financial skill set and proven asset management capabilities can increase property performance, profitability, and NOI. They're skilled in optimizing return on investment through effective budgeting, preventative maintenance plans, and strategic problem solving. No other professional balances the long-term objectives and near-term goals of owners better.

## Stay competitive with a CPM's data insights and market expertise

Compete in a dynamic and ever-changing real estate market no matter where your properties are located. CPMs tap into valuable Income/Expense IQ benchmark data across numerous asset classes and MSAs, benefiting you with access to more data that drives insights and action. Leverage their understanding of marketing conditions to attract and retain tenants and occupants while minimizing operational expenses.

## Proven experts with rigorous training and years of experience

The CPM designation is earned after completing multiple courses, preparing a property management plan, and passing a rigorous exam. A minimum of 3 years of experience and verifiable expertise is required to even apply and complete the program. It usually takes 1-2 years to earn the prestigious CPM designation. In fact, most CPMs have at least 21 years of experience providing indispensable value to owners, investors, and management companies.

## Protect and strengthen property value

With superior knowledge of maintenance, operations, and risk mitigation, having a CPM on staff is critical to staying ahead of issues. CPMs also know how to address complex problems as they arise. Communication skills and the ability to lead teams of cross-functional staff make all the difference. Budgeting for maintenance and Capex, managing contractors, and completing projects on-time and within budget preserve the value and marketability of your assets.




## Elevate standards through unmatched ethics and performance

Reputation, honesty, and ethics are paramount to growing a high-performing management team for your investments and your company. As part of their extensive training, CPMs must uphold the most stringent code of ethics in the real estate industry or risk losing the designation. Elevate the standard of care for your properties and your entire portfolio by hiring a CPM. Your residents and tenants will affirm with increased retention and customer satisfaction all adding to the bottom line.

## Driving success with expertise and leadership

CPMs have the training and experience to deliver best-in-class management. Their advanced knowledge in financial, legal, social, and physical areas are essential to property performance and lead to increased property value. They are leaders, working one-on-one with tenants, staff, owners, and investors, providing confidence and assurance. Well-managed buildings start with CPMs.

## Certified Property Manager profile[1]

- For nearly 90 years, CPMs have been maximizing real estate investment value for owners
- Most CPMs have at least 21 years of experience
- CPMs typically supervise a staff of at least 20 employees
- CPMs manage 15 thousand residential units and 9.9 million square ft of commercial space
- CPMs manage $4.5 billion of property assets in the U.S.




## Hire a CPM and get the best results for your properties

Proven property management expertise, ethical integrity and financial acumen. CPMs embody professionalism and integrity, armed with knowledge to position your properties for sustained success. Enhance the value of your real estate assets and the performance of your portfolio, leaving property owners and investors happy.

Your properties deserve a partner in profitability.
**Hire an IREM CPM.**




[1]IREM 2024 CPM Profile and Compensation Study

For those who manage to make a difference.®

IREM®

© IREM - Institute of Real Estate Management. All Rights Reserved.

# Exhibit "2"

# Exhibit "2"

# Exhibit "2"

FedReceiver, Inc.
state and federal court receivers A privately held California corporation


# Stephen J. Donell, CCIM, CPM®, ARM®, RCFE

**President, FedReceiver®, Inc.**
**President, Jalmar Properties, Inc. AMO**
**President, Donell Expert Services, Inc.**
**Steve.Donell@FedReceiver.com**
**www.fedreceiver.com**

**12121 Wilshire Boulevard, Suite 710**
**Los Angeles, CA 90025**
**Office:310.207.8481 x114; Direct:310.689.2175**


## Experience/Expertise

- Equity Receiver
- Rents, Issues and Profits Receiver
- Commercial and Residential Real Estate
- Judgment Enforcement Actions
- Gas Stations / C-Store / Car Wash
- Restaurants
- Hospitality
- Entertainment
- Condo/Single Family Residential Construction Completion
- Partition Referee
- Provisional Manager
- Provisional Director
- Residential Care Facilities for the Elderly (RCFE)
- Health and Safety Compliance Issues Involving Sub-Standard Real Estate
- Code Enforcement Actions
- Government Enforcement Receiverships
- Partnership/Business/Marital Dissolution
- Residential Development
- Leasing and Brokerage
- Expert Witness
- Asset Liquidation
- Commercial and Residential Owners Associations
- Property Management
- Dissolution Manager

## Background

**Stephen J. Donell, CPM®, CCIM, ARM®** has been active in various fields of real estate since 1984. Since that time, Mr. Donell has been involved in the acquisition, development, marketing, and management of properties primarily located in the western United States. Property types include office, retail, industrial, multi-family, hotel, motel, mobile home parks, self-storage, land, single family, and condominiums.

Since 1990, Mr. Donell has administered and/or been appointed as a federal and state court receiver in over nine hundred cases in both state and federal court. He has extensive experience involving asset and business liquidations and operations, gas stations, restaurants, residential, retail, and commercial real estate. In addition, Mr. Donell has administered cases involving commercial and residential owners' associations, post judgment enforcement actions, marital dissolution cases, single family and condominium construction completion/entitlements, accounts receivable collections, intellectual property including trademarks and copyrights, collateral seizure cases, including medical practices and coin

FedReceiver®, Inc.
state and federal court receivers | A privately held California corporation

laundry facilities, truck stops, parking operations, skilled nursing facilities and/or Residential Care Facilities for the Elderly (RCFE), intermediate care facilities, entertainment, ATM, EB-5, equipment rental, apparel and other types of business receivership appointments. Mr. Donell has also administered and/or been appointed in federal court as receiver in United States Securities and Exchange Commission, Federal Trade Commission, and other government enforcement actions. These cases have involved over 25,000 investors/consumers and invested funds totaling more than $750 million and involve the recovery of assets in multiple foreign jurisdictions. Mr. Donell has also served as court appointed dissolution manager, provisional director, provisional manager, and distribution agent. Mr. Donell is an industry leader serving as an equity receiver where he is appointed as receiver over the receivership entity itself. Mr. Donell is a past Co-President of the Los Angeles/Orange County Chapter of the California Receivers Forum ("CRF") and a 2023-2025 member of the CRF State Board of Directors. He was the 2nd President of the National Association of Federal Equity Receivers ("NAFER") in 2013.

Mr. Donell is the President of Jalmar Properties, Inc. AMO®, a real estate investment and property management company experienced in the acquisition, development and management of office, retail, industrial, single-family, and multi-family properties, including duplexes up to apartments with hundreds of units. In addition to being a California Licensed Real Estate Broker, he holds both a Certified Property Manager ("CPM") and an Accredited Residential Manager ("ARM") professional designation through the Institute of Real Estate Management. Mr. Donell is a Certified Investment Member ("CCIM") of the CCIM Institute, holds a Residential Care for the Elderly Administrator Certificate ("RCFE") from the State of California Department of Social Services Community Care Licensing Division, has obtained an EPA Renovator Certification from the Environmental Protection Agency, and a certification in mold remediation.

Jalmar Properties, Inc. is a full-service real estate management company which holds an Accredited Management Company ("AMO" designation) through the Institute of Real Estate Management. Jalmar, on a cumulative basis, has managed in excess of 10,000 apartment units and 9 million square feet of commercial properties having a market value in excess of two billion dollars. The company was formed in 1985 and has provided management services to owners of properties worth billions of dollars. Jalmar Properties, Inc. AMO® is licensed as a Real Estate Broker in California, Arizona and Nevada, and the company was awarded the designation of AMO® Company of the Year in 2005 by the Los Angeles/Orange County Chapter of the Institute of Real Estate Management (IREM®). Jalmar has experience in commercial tenant improvement work, sub-standard housing, rehabilitation, CAM charge analysis and code enforcement compliance including mold, lead-based paint, and asbestos remediation. Mr. Donell is also President of FedReceiver®, Inc., which employs four receivers.

Mr. Donell is President of Donell Expert Services, Inc. and he serves as an expert witness for both plaintiffs and defendants in cases related to premises liability, habitability, lease, and receivership standard of care disputes. He has served as an expert in matters including but not limited to slip and fall, parking lots, habitability, mold, roaches/bedbugs, asbestos, site-line obstruction, lead-based paint, sub-standard housing allegations, the criminal acts of third parties, real estate partnership fiduciary duty and overall standard of care issues related to the ownership, operation and management

FedReceiver, Inc.
state and federal court receivers — A privately held California corporation

of residential and commercial real estate. He also serves as an expert in matters involving the duties and obligations of court appointed receivers and HOA's.

## Education/Training

San Diego State University - Real Estate Major

Numerous advanced level classes through the Institute of Real Estate Management (IREM®) and the CCIM Institute

Water Damage Restoration Basic Course-HAR-BRO, Inc.- Los Angeles, CA November 17, 2011

Securities Enforcement Program (Los Angeles Bar Association) - Los Angeles, CA February 16, 2012

New Law from the Madoff Case and Tips to Avoid the Next Ponzi Scheme (Beverly Hills Bar Association) - Los Angeles, CA March 26, 2012

Special Assets Management Association Annual Conference - Ojai, CA May 14, 2014 - May 16, 2014

EPA Certified Renovator Course: Lead Safety for Renovation, Repair and Painting - Los Angeles, CA October 30, 2014, October 30, 2023

Mold Awareness Seminar: An Introduction to the Principals of Inspecting, Sampling, Abating and Managing Moisture Intrusion/Mold Issues - Loma Linda, CA December 12, 2014

AIR CRE Contracts Seminar, Lease Contracts - Torrance, CA September 26, 2017

Lead and Other Hazards Awareness Training Class IREM Webinar - July 15, 2021

Back to the Basics: Controlling Cockroach Infestations: National Pest Management Association Webinar - August 1, 2021

Cockroaches and Termites: Biology, Behavior and Control: National Pest Management Association Webinar - August 1, 2021

NPMA Bed Bugs Basics: National Pest Management Association Webinar - August 1, 2021

Using Pyrethroids Responsibly in California for Better Pest Management: National Pest Management Association Webinar - August 1, 2021

Contractors State License Schools Mold Remediation Course – December 2, 2023

## Qualifications, Licenses & Designations

- State of California
  - Real Estate Broker License No. 01295754
  - Dept. of Social Services RCFE Administrator Certification #6018299740
  - State Bar of California MCLE Approved Provider - *Receivership University 101 2013-2016*
- CCIM Institute
  - Certified Commercial Investment Member (CCIM)
- Institute of Real Estate Management (IREM®)
  - Certified Property Manager (CPM®)
  - Accredited Residential Manager (ARM®)
  - Accredited Management Organization (AMO®)
- California Contractors State Licensing Services
  - Mold Inspection and Remediation Certification Course 12.2.23
- Environmental Protection Agency
  - Certified Lead Abatement Renovator Certificate # R-I-73358-23-00833

FedReceiver, Inc.
state and federal court receivers | A privately held California corporation

## Speaking Engagements

Receivers as Detective: California Receivers Forum Panelist, Loyola Symposium - January 19, 2024

Fiduciary Education Forum Webinar Presenter: So, you want to take title to Real Estate! Be advised: Premises Liability/Habitability Education 101 - December 7, 2023

California Bankruptcy Forum Conference Panelist: "Ante Up! The Rise of Receiverships" - May 10, 2023

Los Angeles Bankruptcy Forum (LABF) Alternatives to Filing for Bankruptcy Relief Panelist - April 25, 2023

CCIM Greater Los Angeles Chapter Real Estate Receivership Webinar Keynote Speaker - March 16, 2023

California Association of Judgment Professionals (CAJP) 2022 Conference - Panelist/Presenter: Judgment Receiverships - October 8, 2022

CCIM Institute/The Ward Center for Real Estate Studies Instructor "Real Estate Receiverships" - 2022/2023 Webinar Series

National Association of Federal Equity Receivers (NAFER) - Panelist: "So, You Want To Be A Receiver?" - July 13, 2022

National Association of Federal Equity Receivers (NAFER) - Panelist: 2020 Annual Conference "Receiver Training Camp: The First Days" - October 8, 2020

California Receivers Forum (CRF) - Panelist: "Receiverships in the Time of COVID-19: Navigating Real Estate, Retail, and Restaurant Receiverships in These Uncertain Times" - September 26, 2020

Association of Certified Fraud Examiners - Panelist: "The Looming Insolvency Pandemic: A Guide for Fraud Examiners" - September 23, 2020

CCIM, Greater Los Angeles, Speaker, Real Estate Lunch & Learn: Receiverships - Beverly Hills, CA September 9, 2019

Special Asset Managers Association, Panelist, Federal Equity Receivers: EB-5 Frauds - Ojai, CA June 7, 2018

California Probate Referees Association, Presenter, *Receivership and Property Management Fundamentals: Troubled Assets/Valuation Issues* - Los Angeles, CA April 28, 2018

California Receivers Forum, Panelist, *Federal Equity Receivers: Government Enforcement Cases,* Los Angeles, CA April 26, 2018

California Association of Judgment Professionals, Presenter, *Using Court Appointed Receivers to Collect Your Judgment* - Costa Mesa, CA, October 2017

National Association of Federal Equity Receivers, Panelist, Receiver Training Camp: *Scores of Tips from the Federal Equity Receiver Playbook* - Washington DC, October 13, 2016

Archer Norris, PLC, Presenter, *Receivership University: From the Basics to Advanced Study* - Los Angeles, CA, March 27, 2014

Valensi Rose, PLC, Presenter, *Receivership University: From the Basics to Advanced Study* - Los Angeles, CA, October 31, 2013

Loyola V Complex Case Symposium, Panelist, *Ponzi Schemes* - Irvine, CA, January 19, 2013

California Receiver's Forum, Speaker, *All Eyes On Me* - Los Angeles, CA, October 25, 2012

East West Bank, Speaker, *Ponzi Schemes: Are You or Your Clients at Risk?* - Los Angeles, CA, October 22, 2012

Venable LLP, Presenter, *Receivership University: From the Basics to Advanced Study* - Los Angeles, CA, October 17, 2012

Continuing Education of the Bar, Presenter, *Real Estate Receiverships* - Los Angeles, CA, September 21, 2012

First California Bank, Presenter, *Receivership University: From the Basics to Advanced Study* - Torrance, CA, August 29, 2012

FedReceiver, Inc.
state and federal court receivers | A privately held California corporation

Ervin Cohen & Jessup LLP, Presenter, *Receivership University: From the Basics to Advanced Study* - Los Angeles, CA, July 30, 2012

Hill Farrer & Burrill LLP, Presenter, *Receivership University: From the Basics to Advanced Study* - Los Angeles, CA, July 17, 2012

Allen Matkins LLP, Presenter, *Receivership University: From the Basics to Advanced Study* - Orange County, CA, June 11, 2012

Michelman & Robinson, Presenter, *Receivership University: From the Basics to Advanced Study* - Orange County, CA, June 4, 2012

The Commercial REO Brokers Association (CREOBA) Weekly Webinar, Speaker - Webinar, February 17, 2012

Beverly Hills/Greater Los Angeles Association of Realtors, Speaker, *Receivership University: from the basics to advanced study* - Beverly Hills, CA September 28, 2011

Information Management Network Forum on Real Estate, Panel Member - Los Angeles, September 26, 2011

Strafford Publications, Inc., Presenter, *Receiverships in Distressed Commercial Real Estate* - Webinar, June 30, 2011

Center Bank, Speaker, *Receivership 101* - Los Angeles, CA, June 23, 2011

Real Estate Investment Properties, Guest Lecturer, *UCLA Receivership Basics* - Los Angeles, CA, June 1, 2011

Hana Financial, Inc., Speaker, *Understanding Receiverships* - Los Angeles, CA, April 4, 2011

California Receivers Forum, Speaker, Loyola IV, *Receivership Law & Practice* - Los Angeles, CA, January 20, 2011

The Los Angeles Commercial Distressed Asset and REO Summit, Speaker, *Receivership Basics* - Los Angeles, CA, November 10, 2010

California Receivers Forum, Fall Educational Series, *SEC Receiverships 101* - Los Angeles, CA, October 27, 2010

CCIM Web Conference, *Receiverships 101* - Webinar, June 9, 2010

California Bankruptcy Forum, 22nd Annual Insolvency Conference, Panelist, *Rents and Profits Receiverships: Commercial & Multi-Unit Residential Properties* - Monterey, CA, May 22, 2010

Distressed Commercial Real Estate Summit West Conference, Panelist, *Maximizing Value in Distressed Assets Through* Receivers - Los Angeles, CA, May 14, 2010

UCLA, Lecture, *Receivership Fundamentals* - Los Angeles, CA, May 13, 2010

## Publications

Spring 2022 - CIRE Magazine, *The Ins and Outs of Receiverships*: *Receiverships offer promising avenues for commercial real estate professionals to assist lenders with distressed assets*

February 21, 2019 - Reviving the Financially Distressed Business, *Receivership Chapter*

January 2013 - Scotsman Guide Commercial Edition, *For Sale by Receiver*

September/October 2012 - Commercial Investment Real Estate, *Out of Gas: Many Factors Drive Fueling Station Owners to Default*

May 29, 2012 - Convenience Store News, *Solutions for C-store Owners and Operators Facing Loan Default*

Spring 2012/ Issue 42 - Receivership News, *Sales by Rents and Profits Receivers: A Discussion of the Practice and Governing Law*

September/October 2010 - CIRE Magazine, *Receivership 101*

November 2009 - Scotsman Guide Commercial Edition, *A Good Receiver Can be Your New BFF*

FedReceiver®, Inc.
state and federal court receivers · A privately held California corporation

## Affiliations ~ Past & Present

- Apartment Association of Greater Inland Empire
- Arizona Multi-Family Housing Association
- Beverly Hills Greater Los Angeles Association of Realtors
- Building Owners and Managers Association
- California Apartment Association
- California Association of Judgment Professionals
- California Receivers Forum - Los Angeles/Orange County Chapter
  - Education Forum Panelist
  - Co-President 2010 - 2013
  - State/ Chapter Board of Directors 2001-2013; 2020-2023
- CCIM Institute
  - Greater Los Angeles Chapter Board of Directors
  - Events Chair 2009-2011
  - Scholarship Chair 2017- Present
- International Association of Restructuring, Insolvency & Bankruptcy Professionals
- Institute of Real Estate Management (IREM®)
- International Association for Asset Recovery
- Los Angeles Apartment Owners Association
- Los Angeles Bankruptcy Forum
- National Apartment Association
- National Association of Federal Equity Receivers
  - President 2012-2014
- National Association of Realtors®
- Special Assets Managers Association

# Exhibit "3"

# Exhibit "3"

# Exhibit "3"

FedReceiver, Inc.
state and federal court receivers | A privately held California corporation

12121 Wilshire Boulevard, Suite 1120 | Los Angeles, CA 90025
Telephone: 310.207.8481 | Facsimile: 310.207.3483
www.fedreceiver.com
CA Broker License # 1295754
Email: Steve.Donell@fedreceiver.com

# 2025
# FedReceiver, Inc. Fee Schedule

| | |
|---|---|
| Stephen J. Donell, Receiver \| Referee | $495.00/hr |
| Receiver \| Referee Administrator(s) | $395.00/hr |
| Senior Accountant | $275.00/hr |
| Staff Accountant(s) | $195.00/hr |
| Administrative | $165.00/hr |
| Field Agent(s) | $125.00/hr |
| **Blended Rate** | **$275.00/hr** |

# EXHIBIT 6

Received: 12/22/2025 10:35 AM

FL-340

| | |
|---|---|
| PARTY WITHOUT ATTORNEY OR ATTORNEY STATE BAR NUMBER: 180604<br>NAME: Michael J. Conway, Esq.<br>FIRM NAME: G&B Law, LLP<br>STREET ADDRESS: 16000 Ventura Blvd., Suite 1000<br>CITY: Encino STATE: California ZIP CODE: 91436<br>TELEPHONE NO.: 818.382.6200 FAX NO.: 818.986.6534<br>EMAIL ADDRESS: mconway@gblawllp.com<br>ATTORNEY FOR *(name)*: George Fikhman | FOR COURT USE ONLY<br>Electronically FILED<br>Superior Court of California<br>County of Los Angeles<br>12/26/2025 8:39 AM<br>David W. Slayton<br>Executive Officer/Clerk of Court,<br>By J. Ramos-Rodriguez, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: Same as above<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Central District | |
| PETITIONER/PLAINTIFF: Edita Bobrov Fikhman<br>RESPONDENT/DEFENDANT: Mikhail Fikhman<br>OTHER PARENT/PARTY: Third Party Claimants George Fikhman & William Fikhman | |
| **FINDINGS AND ORDER AFTER HEARING** | CASE NUMBER:<br>23STFL03923 |

1. This proceeding was heard
on *(date)*: November 12, 2025 at *(time)*: 8:30 a.m. in Dept.: 63 Room:
by Judge *(name)*: Christine J. Gonong ☐ Temporary Judge
On the order to show cause, notice of motion or request for order filed *(date)*: 8/26/2025 by *(name)*: George Fikhman
   a. ☒ Petitioner/plaintiff present ☒ Attorney present *(name)*: Michelle Taran, Esq.
   b. ☒ Respondent/defendant present ☒ Attorney present *(name)*: Steven A. Blunt, Esq.
   c. ☒ Other parent/party present* ☒ Attorney present *(name)*: Michael J. Conway, Esq.
   *Third Party Claimant, George Fikhman

**THE COURT ORDERS**

| | | | | |
|---|---|---|---|---|
| 2. Custody and visitation/parenting time: | As attached ☐ on form FL-341 | ☐ Other | ☒ Not applicable |
| 3. Child support: | As attached ☐ on form FL-342 | ☐ Other | ☒ Not applicable |
| 4. Spousal or family support: | As attached ☐ on form FL-343 | ☐ Other | ☒ Not applicable |
| 5. Property orders: | As attached ☐ on form FL-344 | ☐ Other | ☒ Not applicable |
| 6. Attorney's fees: | As attached ☐ on form FL-346 | ☐ Other | ☒ Not applicable |

7. Other orders: ☒ As attached ☐ Not applicable
8. All other issues are reserved until further order of court.
9. ☐ This matter is rescheduled for further hearing on *(date)*: at *(time)*: in Dept.:
on the following issues:

Date: 12/24/2025

[signature] Dean Hansell
JUDGE JUDICIAL OFFICER

The order prepared by *(specify)*: George Fikhman is approved as conforming to the court order.

Date: 12/11/2025 *Michelle Taran*

SIGNATURE OF ☒ ATTORNEY FOR ☒ PETITIONER / PLAINTIFF ☐ RESPONDENT/DEFENDANT ☐ OTHER PARENT/PARTY

Date:

SIGNATURE OF ☒ ATTORNEY FOR ☐ PETITIONER / PLAINTIFF ☒ RESPONDENT/DEFENDANT ☐ OTHER PARENT/PARTY

**ATTACHMENT TO FINDINGS AND ORDER AFTER HEARING FL-340**

**WHEREAS,** Third Party Claimant George Fikhman's Motion to Appoint Receiver to Take Over Management and Control of Certain Partnership and Community Assets, and To Liquidate Properties to Preserve Those Assets ("Motion to Appoint Receiver"), and Motion for Leave to Extend Page Limit of Declaration to 19 Pages (Motion to Extend"), both of which were filed on August 26, 2025, came on regularly for hearing at 8:30 a.m. on November 12, 2025 in Department 63 of the above-entitled court, the Honorable Christine J. Gonong, Judge Presiding; and

**WHEREAS,** the Court having considered: 1) the Motion to Appoint Receiver and 2) the Motion to Extend, any opposition or reply papers submitted in connection therewith, the pleadings and papers on file herein, and having heard the arguments presented by the parties and/or their counsel at the hearing scheduled for these matters, the Court has determined that there is proper cause to grant the Motion to Appoint Receiver and the Motion to Extend, and the Court finds and orders as follows:

a. The Court read and considered all pleadings submitted in connection with both the Motion to Appoint Receiver and Motion to Extend, including exhibits.

b. The Motion to Extend was unopposed.

c. The Court finds that the appointment of a receiver is appropriate here pursuant to C.C.P. 564(b)(1) based on the following grounds: (1) "in an action . . . between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds of the property or fund, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured."

d. The Court finds that Third-Party Claimant George Fikhman ("George") has a probable property interest in the Property (See Exhibit "A").

e. The Court finds that George does not need to establish a conclusive property interest in the Property for the Court to appoint a receiver pursuant to C.C.P. 564(b)(1).

f. The Court finds that George has established that the Property is in danger of being lost, removed, or materially injured by Respondent's continued possession,

G&B LAW

custody, or control over the Property.

g. The Court finds that a limited receivership would not be sufficient under these circumstances and would not provide the necessary full transparency and protection of the Property;

h. The Court finds that a receiver is the only viable remedy at this time to preserve and marshal these assets.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. **APPOINTMENT OF RECEIVER:** Stephen J. Donell of FedReceiver, Inc., 12121 Wilshire Boulevard, Suite 710, Los Angeles, California 90025, telephone number (310) 207-8481; email steve.donell@fedreceiver.com ("Receiver") is hereby appointed by this Court in this action as Receiver to take possession, custody, and control of the real and personal property set forth in **Exhibit "A"** attached hereto and incorporated herein by this reference (hereinafter collectively referred to as the "Property"), including all rights and interest of Petitioner Edita Bobrov Fikhman, individually and as trustee of the Mikhail & Edita Fikhman Living Trust ("Edita"), Respondent Mikhail Fikhman, individually and as trustee of the Mikhail & Edita Fikhman Living Trust ("Mike"), Third Party Claimant George Fikhman ("George"), and Third Party Claimant William Fikhman ("William") (collectively referred to herein as the "Parties" and individually as a "Party") with respect to the Property, including the fixtures, furniture, equipment, and personal property, both tangible and intangible, and as may be further described below. Such appointment shall be effective immediately.

2. **RECEIVER'S OATH AND BOND.** Before performing any duties, the Receiver shall execute and file a receiver's oath and file the bond required by Code of Civil Procedure section 567(b) in the amount of $10,000.00. The Receiver's oath and bond may be filed with the Court by facsimile or electronic transmission; provided, however, that the Receiver shall replace any facsimiles with originals within seven (7) court days of filing by facsimile.

3. **DISCLOSURE.** The Receiver shall immediately disclose to all parties any financial relationship between the Receiver and any company hired to assist in the management of the

G&B LAW

Property.

4. **PROHIBITED AGREEMENTS.** The Receiver shall not enter into an agreement with any party to the action about the administration of the receivership or about any post receivership matter;

5 **INVENTORY.** Within 30 days after qualifying, the Receiver shall file an inventory of all Property in the possession of the Receiver pursuant to this Order.

6. **THE PROPERTY.** The Property includes, without limitation, all rights and interests of the Parties with respect to the Property, including in all leases, rents, including prepaid rents, issues, deposits, refundable security deposits, fixtures, furniture, equipment, personal property, both tangible and intangible, and all other income of the Property.

7. **GENERAL DUTIES OF THE RECEIVER.** The Receiver is hereby granted the following duties, rights and powers:

a. To enter on, take possession of, and manage the Property;

b. To collect the income from the Property;

c. To care for, preserve, and maintain the Property for the duration of this receivership, and incur the expenses necessary for that care;

d. To list and market the Property for sale with a real estate broker, and with prior Court approval, to sell the Property;

e. To change the locks on the Property, if necessary, and to concurrently provide keys to any existing tenant of the Property;

f. To do all things and incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar properties. No such risks or obligations so incurred shall be the personal risk or obligation of Receiver and shall be a risk or obligation of the Receivership Estate;

g. To notify all local, state and federal governmental agencies, all vendors and suppliers, and any and all others who provide goods or services to the Property of his appointment as Receiver. No utility may terminate service to the Property as a result of non-payment of pre-receivership obligations without prior order of this Court. No insurance company may cancel its



GB LAW

existing current-paid policy as a result of the appointment of the Receiver without prior order of this Court;

h. To maintain adequate insurance coverage of the Property as the Receiver may determine is necessary and reasonable in the judgment of the Receiver, and to cause all presently existing policies to be amended by adding the Receiver as an additional named insured to such policies effective as of the date of this Order. If the Receiver determines that inadequate insurance exists and insufficient funds in the Receivership Estate exist to procure adequate insurance, Receiver shall petition this Court for instructions. During the period in which the Property is uninsured or underinsured, Receiver shall not be personally responsible for any claims arising therefore;

i. To pay all necessary insurance premiums for such insurance and all taxes and assessments levied on the Property during the receivership if they are not paid by any existing tenants pursuant to the terms of the tenant's lease agreement.

j. To demand, collect and receive all rents derived from the Property, or any part thereof, including any such rents and refundable security deposits in the possession of the Parties or other third parties which are or were derived from the Property;

k. To retain attorneys without further court approval to bring and prosecute all Property actions for the (i) collection of rents derived from the Property; (ii) removal from the Property of persons not entitled to entry thereon; (iii) protection of the Property; (iv) damage caused to the Property; and (v) recovery of possession of the Property;

l. To employ or terminate any person or firm to collect, manage, lease, maintain, secure, and operate the Property if the Receiver deems it necessary or appropriate in his discretion and judgment to do so, including the Receiver's property management company, Jalmar Properties, Inc., AMO.

m. To hire, employ, retain, and/or terminate consultants, real estate brokers, title companies, investigators, security guards, and any other personnel or employees which the Receiver deems necessary to assist him in the discharge of his duties;

n. To retain environmental specialists to perform environmental inspections and assessments of the Property, if deemed necessary, and if deemed necessary and advisable in the



G&B LAW

discretion of the Receiver, to remediate the Property or dispose of contaminates, if any, affecting the Property;

o. To pay and discharge using the funds coming into his hands all of the expenses of the Receivership Estate and the costs and expenses of operating and maintaining the Property, including all Receiver's and related fees and costs as well as taxes, governmental assessments and other charges lawfully imposed upon the Property;

p. To expend funds to maintain licenses or permits, and to purchase merchandise and services as the Receiver deems necessary and advisable to assist him in performing his duties hereunder and to pay therefore the ordinary and usual rates and prices out of the funds that may come into the possession of the Receiver;

q. To open and utilize bank accounts for the deposit of receivership funds in any FDIC insured financial institution provided that it is not a party to this action. Receivership funds that are not used to pay the ongoing expenses of the Property and the Receivership Estate shall be deposited in interest-bearing accounts and, unless the Court orders otherwise, the Receiver shall hold the balance pending further order of the Court. The Receiver may use the Parties' tax identification or social security numbers, as applicable, to establish bank accounts for the deposit of monies and funds collected and received in connection with his administration of the Property and may add additional signatories to the receivership bank accounts as the Receiver deems appropriate and necessary for the administration of the Receivership Estate.

8. **SECURITY DEPOSITS.** Unless the security deposits have been turned over or paid to the Receiver, the Receiver shall not refund a deposit to a tenant without further court order.

9. **COMPENSATION OF RECEIVER.** The Receiver may charge for the Receiver's services no more than $495.00 per hour and may utilize the Receiver's staff members at the rates shown on the Receiver's Fee Schedule attached hereto as **Exhibit "B"**. The Receiver shall not charge for the Receiver's own general office administration expenses or overhead without Court approval. These prohibited expenses include, for example, office supplies and the Receiver's own employee payroll, benefits and taxes, but do not include direct Property related expenses, copying costs at $0.10 per page, and out-of-pocket expenses directly incurred in the administration of the

Receivership Estate.

10. **MONTHLY ACCOUNTING OF RECEIVER'S RECEIPTS, DISBURSEMENTS, FEES AND COSTS.** The Receiver shall each month prepare and serve on the Parties, but not file with the Court, an accounting of all receipts and disbursements, including the Receiver's fees and costs, incurred in the administration of the Receivership Estate ("Monthly Report");

11. **PAYMENT OF RECEIVER'S FEES AND COSTS.** The Court hereby reserves ruling on the issues of:

a. The amount of fees to be paid to the Receiver; and

b. The responsibility for how payment of the Receiver's fees shall be allocated between the Parties;

12. **LEASES AND RENTALS.** The Receiver may without court approval enter into leases for a term not exceeding one year and obtain and evict tenants.

13. **CAPITAL IMPROVEMENTS.** The Receiver shall not make any capital improvements to the Property without prior court approval.

14. **COURT INSTRUCTIONS.** The Receiver and the Parties may at any time apply to this Court for further instructions and orders and for additional powers necessary to enable the Receiver to properly perform his duties.

15. **EMPLOYMENT OF ATTORNEYS.** Other than unlawful detainer attorneys, the Receiver must first obtain this Court's approval before employing legal counsel.

16. **RECEIVER'S FINAL REPORT AND ACCOUNT AND DISCHARGE.**

a. Discharge of the Receiver shall require a court order upon noticed motion for approval of the Receiver's final report and account and exoneration of the Receiver's bond;

b. Not later than 60 days after the receivership terminates, the Receiver shall file, serve, and obtain a hearing date on a motion for discharge and approval of the final report and account;

c. The Receiver shall give notice to all persons of whom the Receiver is aware who have potential claims against the receivership Property;

d. The motion to approve the final report and account and for discharge of the Receiver shall contain the following:

(1) A declaration or declarations: (i) stating what was done during the receivership; (ii) certifying the accuracy of the final accounting; (iii) stating the basis for the termination of the receivership (such as foreclosure, reinstatement or sale of the Property), and (iv) stating the basis for an order for the distribution of any surplus or payment of any deficit.

(2) A summary of the receivership accounting, which shall include (i) the total revenues received, (ii) the total expenditures identified and enumerated by major categories, (iii) the net amount of any surplus or deficit, and (iv) evidence of necessary supporting facts.

17. **NOTICE TO RECEIVER.** George shall promptly notify the Receiver in writing of the names, addresses, and telephone numbers of all Parties and their counsel who appear in the action, to the extent known. All Parties shall give notice to the Receiver of all events that affect the receivership.

18. **BANKRUPTCY – DUTY TO GIE NOTICE.** If any Party files a bankruptcy case during the receivership, that Party or his/her attorney shall give notice of the bankruptcy case to the Court, to all other Parties, and to the Receiver by the close of the next business day after the day on which said Party receives notice of the bankruptcy filing.

19. **THE COURT ORDERS THE PARTIES TO DO THE FOLLOWING:**

a. Immediately turn over possession, custody, and control of any and all Property described in Exhibit "A" to the Receiver when the appointment becomes effective including, but not limited to: (i) all prior, current, or future security deposits received from tenants, utility companies, or any other security deposits; (ii) prepaid rent; (iii) any past, current, or future rental or lease payments; (iv) any proceeds from the sale, lease, or refinancing of any Property; (v) any other funds collected by any Party in connection with any assets that are listed in Exhibit "A"; and (vi) any funds in property management bank accounts for the Property;

b. Immediately turn over and provide to the Receiver all keys, books, leases, documents, information, and records relating to the Property including, but not limited to: (i) any and all insurance policies; (ii) utility bills; (iii) a vendor list including the names and telephone numbers

of all vendors or other individuals and/or companies providing any services for the Property; (iv) current rent rolls reflecting lease rates, name(s) of tenant(s), outstanding balances, schedule of refundable security deposits, and expiration dates of any pending leases; (v) copies of all leases under which any tenant occupies space in the Property; (vi) a schedule of rent collections showing the amounts collected for each Property during the previous two-year period; (vii) copies of all tax bills; (viii) copies of all vendor contracts; (ix) copies of any correspondence to and from tenants which is pertinent to the operation of the Property; (x) copies of any notices received from city or county departments or other governmental agencies which pertain to the Property; (xi) a list of all bank accounts where any Property funds are or have been on deposit during the two-year period prior to the date of this order; (xii) copies of all bank statements for any bank accounts where any Property funds are or have been on deposit during the two-year period prior to the date of this order; and (xiii) advise the Receiver of federal taxpayer identification numbers or social security numbers relating to the operation of the Property;

c. Insurance Coverage.

(1) Immediately inform the Receiver about the nature and extent of insurance coverage for the Property;

(2) Immediately name the Receiver as an additional named insured on each insurance policy covering the Property; and

(3) DO NOT cancel, reduce, or modify the insurance coverage.

d. Restraints, Refrain from:

(1) committing or permitting any waste on the Property or any act on or with respect to the Property in violation of law or removing, encumbering, or otherwise disposing of any of the fixtures on the Property;

(2) demanding, collecting, or in any other way diverting or using any of the rents from the Property;

(3) interfering in any manner with the discharge of the Receiver's duties under this Order;

(4) selling, transferring, disposing, encumbering, or concealing any Property



G&B LAW

# Exhibit "A"

Exhibit "A"

Exhibit "A"

## PARTNERSHIP ASSETS SUBJECT TO RECEIVERSHIP

**PROPERTIES/ASSETS IN WHICH GEORGE FIKHMAN HAS A 50% INTEREST:**

1. 17101 Rainbow Falls Trail, Boca Raton, FL
2. 7173 Durango Dr., #202, Las Vegas, NV. 89113
3. 3608 Monarcas St. #101, Las Vegas, NV. 89108
4. 5046 Knightsbridge Cir N Jacksonville, FL 32244
5. 3952 Hideaway LN Middleburg, FL 32068
6. 916 Turlough Ct. Smyrna, TN. 37167
7. 769 Turning Leaf St. Albany, OR 97321
8. 2070 Tickford St. Middleburg, FL. 32068
9. 3857 Hideaway LN Middleburg, FL 32068
10. 3876 Hideaway LN Middleburg, FL 32068
11. 2058 Manucy Court Middleburg, FL. 32068
12. 1575 Sword Dancer Dr. Virginia Beach, VA. 23454
13. 9448 Hickory St. Norfolk, VA. 23503
14. 5433 Davis Way, Virginia Beach, VA. 23462
15. 18550 Hatteras, St., #116, Tarzana, CA 91356

Geroge also has a 50% interest in approximately $1,000,000 of proceeds from the sale of properties and rents received as follows:

16. Approximately $470,000 of sale proceeds from the 2022 sale of the following properties in a failed 1031 exchange:

    a. 2896 Yale Avenue, Memphis, Shelby County, Tennessee
    b. 1055 Cross Meadow Road, Cordova, Shelby County, Tennessee
    c. 9702 Tributary Lane, Arlington, Shelby County, Tennessee
    d. 4023 Martindale Avenue, Memphis, Shelby County, Tennessee
    e. 4807 Royal Run Drive, Memphis, Shelby County, Tennessee
    f. 4006 Martindale Avenue, Memphis, Shelby County, Tennessee
    g. 6519 Silkwood Avenue, further described in Exhibit, Albuquerque, Bernallilo County, New Mexico
    h. 5460 White Oak Avenue C334, Encino, Los Angeles County, California (our first investment property)

17. Approximately $200,000 in proceeds from the court ordered sale of 7728 Andes Dr., Jacksonville, FL

18. Approximately $500,000 in rents collected by Mike from our co-owned investment properties.

**PROPERTIES/ASSETS IN WHICH GEORGE FIKHMAN HAS A 1/3 INTEREST**:

19. 7040 Darby Ave. Reseda, CA. 91335, which is held in Darby 1.0, LLC, an entity in which I also hold a 1/3 interest. [**NOTE: This property was unfortunately recently sold through a private auction at which Mike fraudulently reduced the minimum sale price by One Million Dollars, so it was sold for well under market value. The net proceeds from this sale totaling $353,271.24 are currently held in George's counsel's client trust account**.]

20. 5655 E Sahara #1067, Las Vegas, NV

21. 3400 Cabana Dr. #2030, Las Vegas, NV

22. 6548 61st Ave, Glendale, AZ

23. Proceeds from the sale of the following 3 properties:
    a. 2896 Yale Ave, Memphis, TN
    b. 4023 Martindale Ave, Memphis, TN
    c. 4006 Martindale Ave, Memphis, TN

# Exhibit "B"

Exhibit "B"

Exhibit "B"

FedReceiver

12121 Wilshire Boulevard, Suite 1120 | Los Angeles, CA 90025
Telephone: 310.207.8481 | Facsimile: 310.207.3483
www.fedreceiver.com
CA Broker License # 1295754
Email: Steve.Donell@fedreceiver.com

# 2025
# FedReceiver, Inc. Fee Schedule

| | |
|---|---|
| Stephen J. Donell, Receiver \| Referee | $495.00/hr |
| Receiver \| Referee Administrator(s) | $395.00/hr |
| Senior Accountant | $275.00/hr |
| Staff Accountant(s) | $195.00/hr |
| Administrative | $165.00/hr |
| Field Agent(s) | $125.00/hr |
| **Blended Rate** | **$275.00/hr** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16000 Ventura Blvd., Ste. 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled (specify): **NOTICE OF MOTION AND MOTION TO REOPEN CLOSED CHAPTER 7 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 350(b); DECLARATION OF GEORGE FIKHMAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 21, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jacqueline S Eberhard** bknotice@mccarthyholthus.com
- **Sheldon J Eskin** sheldon@eskinesq.com
- **Ramesh Singh** claims@recoverycorp.com
- **United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov
- **Darlene C Vigil** cdcaecf@bdfgroup.com
- **Edward T Weber** ed@eweberlegal.com
- **Diane C Weil (TR)** dcweil@dcweillaw.com, DCWTrustee@dcweillaw.com;ecf.alert+Weil@titlexi.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On September 21, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 21, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
San Fernando Valley Division
21041 Burbank Boulevard
Woodland Hills, CA 91367-6606
***via Attorney Service***

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 21, 2026 | Andrea Contreras | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVICE LIST**

**Chapter 7 Trustee**
Diane Weil, CACB Ch. 7 Trustee
21650 Oxnard Street, Suite 1540
Woodland Hills, CA 91367

**Office of the U.S. Trustee**
United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017